**ZP, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–1303.**

United States Court of Veterans Appeals.

April 20, 1995.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM.

Oral argument was originally scheduled in this case for February 28, 1995. The appellant on February 23, 1995, and February 27, 1995, filed motions for leave to file documents in support of his application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). These documents concerned post-remand proceedings. This Court determined that oral argument could not be held as scheduled and on February 28, 1995, issued an order which stayed oral argument pending the Court's ruling on the appellant's motions. The order further directed the appellant to submit a memorandum providing legal authority in support of his motions, and the Secretary was afforded an opportunity to respond to the appellant's second motion and memorandum. The appellant's memorandum was received by the Court on March 3, 1995, and the Secretary's response was received by the Court on March 9, 1995.

The Court finds the authority submitted by the Secretary to be persuasive. In *Com-missioner, INS v. Jean*, the U.S. Supreme Court addressed the question of whether substantial justification needed to be determined at the fee litigation phase. The Supreme Court determined that only "one threshold determination [of substantial justification] for the entire civil action" was required. *Jean*, 496 U.S. 154, 159, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990). The Supreme Court stated that substantial justification referred "to a position that the Government took in the past," and that "[t]here is no reference to the position the Government may take in response to the fee application." *Jean*, 496 U.S. at 160, 110 S.Ct. at 2319. In light of the Supreme Court's analysis, the Court finds that the post-remand documents sought to be submitted by the appellant are not germane to adjudication of the appellant's EAJA application.

On consideration of the foregoing, it is

ORDERED that the appellant's motions are denied. The Clerk will reschedule oral argument at the earliest opportunity, given the availability of counsel.