Barbara DORIA, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 90–626.

United States Court of Veterans Appeals.

May 11, 1995.

Robert T. Haar, for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and John D. Lindsay, Jr., were on the pleadings, for appellee.

Before KRAMER, IVERS, and STEINBERG, Judges.

KRAMER, Judge:

The matter before the Court is the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons that follow, the Court will grant the appellant's application and order the award of attorney fees and expenses consistent with this decision.

## I. BACKGROUND

### A. Underlying Appeal

The appellant is the widow of veteran Herbert Stoneking, who died in December 1971 while on active duty in Vietnam. In April 1972, a Veterans' Administration (now Department of Veterans Affairs) (VA) regional

office (RO) granted her claim for dependency and indemnity compensation (DIC). R. at 7. In December 1988, the VARO informed the appellant that it had received information that she "may be living with another person in a marital relationship," and informed her that "[t]he law does not allow payments to a surviving spouse who, since the veteran's death, has lived with a person of the opposite sex *and* held herself/himself out openly to the public to be the spouse of this person." R. at 16. The RO asked her to inform it as to whether she was living with a person of the opposite sex and, if so, her relationship with such person, and stated that, if it determined that she had held herself out to be the spouse of another, it would terminate her benefits as of the month in which the relationship had begun. *Ibid.* In her response, the appellant informed the RO that she had not remarried but was living in a "friendly, personal relationship" with a man. R. at 20. In a March 1989 decision, the RO found that the appellant was not eligible to receive benefits for the veteran's death, effective July 1, 1974, because she was "holding herself out as the spouse of another person." R. at 34. The RO subsequently informed the appellant that the retroactive termination of her benefits had created an overpayment of $51,243.16, which she was obligated to repay. R. at 37, 50.

The appellant filed a Notice of Disagreement and in July 1989 testified under oath at a personal hearing at the RO. Her attorney, who accompanied her, asserted that VA had never informed the appellant that her living with someone of the opposite sex would result in termination of her DIC benefits and argued, inter alia, that she should not be required to repay the funds at issue because any overpayment was caused by VA's failure to inform. R. at 60. Although the hearing officer's July 1989 decision noted the appellant's failure-to-inform arguments and the appellant reiterated those arguments in her VA Form 1–9 (Substantive Appeal to the Board), the Board's March 20, 1990, decision did not address those arguments. The Board held that the appellant could not be recognized as the surviving spouse of the veteran for VA purposes and, therefore, denied her claim for DIC benefits. *Barbara*

*Doria in the Case of Herbert R. Stoneking,* BVA 90–—— (Mar. 20, 1990).

The appellant filed a timely appeal of the Board's March 1990 decision. In a November 25, 1992, unpublished memorandum decision, the Court vacated the BVA decision and remanded the matter for further proceedings. *Doria v. Principi,* U.S.Vet.App. No. 90–626 (Nov. 25, 1992) (mem. decision). The Court noted that the Board had not addressed the issues raised by the appellant at the RO hearing and in her Substantive Appeal to the Board, and amplified in her brief filed in this Court—that is, the effect of VA's failure to notify on the validity of the debt. The Court directed the Board on remand to consider those issues in the context of 38 U.S.C. § 7722(c) and (d). Further, the Court held that the BVA had erred in its failure (1) to evaluate the evidence of record in the context of the date selected as the effective date for terminating the appellant's DIC benefits and (2) to provide an adequate statement of reasons or bases for such determination.

In its July 1993 remand decision, the Board, construing the notification provisions contained in 38 U.S.C. § 7722(c), found that the overpayment of DIC had been caused by "an act of omission" by VA, namely, VA's failure to inform the appellant that she would lose entitlement to DIC by holding herself out as the spouse of another. The Board decided that the debt was not properly created because VA error had caused the creation of the overpayment and that the appellant was not required to repay any funds. *Barbara Doria in the Case of Herbert R. Stoneking,* BVA 93–——, at 3 (July 22, 1993).

### B. Application for Attorney Fees and Expenses

On November 10, 1993, the appellant filed an EAJA application for attorney fees and expenses pursuant to Rule 39(a) of the Court's Rules of Practice and Procedure (Rules). In her application, the appellant asserted that she is a prevailing party and that the Secretary's position was not substantially justified. Motion (Mot.) at 2. The appellant also provided an accounting in

which she requested an award of fees totalling $11,700.50 and expenses totalling $986.24, for a total award of $12,686.74. Mot. at Appendix A.

The Secretary filed a response (Resp.) to the appellant's motion on March 2, 1994. The Secretary argued that (1) the EAJA application should be dismissed because it was not timely filed; (2) alternatively, if the application was timely filed, VA's position was substantially justified; and (3) if the Court finds that the appellant is entitled to an award of attorney fees, the amount claimed is excessive and should be reduced. Resp. at 2, 10–35.

By order dated November 2, 1994, the Court ordered the Secretary to address the following questions: (1) Whether, in his response to the EAJA application, the Secretary has raised the issue of "special circumstances mak[ing] an award unjust," 28 U.S.C. § 2412(d)(1)(A); (2) if not, whether the Secretary has waived that defense, or whether the Court may properly raise that issue sua sponte; (3) if the issue of "special circumstances" is properly before the Court, whether such circumstances are present; and (4) in determining whether "special circumstances" are present, what is the scope of the Court's discretion. The Secretary timely responded to the Court's order and the appellant subsequently filed a response.

## II. ANALYSIS

### A. Timely Filing Requirement

A party seeking an EAJA award must, *"within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B) (emphasis added).

Following the Court's November 25, 1992, memorandum decision, judgment was entered on December 18, 1992, pursuant to the then-current version of Rule 36 of the Court's Rules, which directed the Clerk of the Court to enter the judgment 14 days after the issuance of a decision "unless otherwise ordered by the Court." On March 9, 1993, the Court issued its mandate.

By order dated June 1, 1993, the Court, pursuant to the statutory authority of 38

U.S.C. §§ 7252(a) and 7264(a), adopted Rules 36(b) and 39, effective retroactively "to any appeal pending in this Court . . . on or after October 29, 1992." Misc.Order No. 3–93 (June 1, 1993) (en banc) [hereinafter "the Rules"]. The Rules (which were subsequently amended, *see* Misc.Order No. 2–94 (Mar. 11, 1994) (en banc)) provided (then):

**Rule 36. Publication of Decision and Entry of Judgment**

. . . .

(b) **Upon Remand.** When a matter is remanded in a case in which the appellant is represented, unless the opinion, decision, or order specifies otherwise, the Court retains jurisdiction for the limited purpose of entertaining an application for attorney fees and expenses under Rule 39. Within 14 days after the final postremand administrative decision in such a case, the Secretary shall file a copy of that decision with the Clerk [of the Court]. After receiving that decision, the Clerk shall enter final judgment, unless good cause is shown why such judgment should not be entered, and shall send copies to all parties.

**Rule 39. Attorney Fees and Expenses**

(a) **Time for filing.** An application pursuant to 28 U.S.C. § 2412 for award of attorney fees and other expenses in connection with an appeal must be filed with the Clerk within 30 days after this Court's judgment becomes final. See also 28 U.S.C. § 2412(d)(2)(G) and 38 U.S.C. § 7291(a).

U.S.Vet.App.R. 36(b), 39(a). After the Secretary informed the Court that the Board had issued a final decision on remand, the Court, by order dated September 7, 1993, noting that, "[b]y operation of Rule 36(b), the Court had retained jurisdiction for the limited purpose of entertaining an application for attorney fees and expenses," ordered the appellant to show cause why the Clerk of the Court should not enter final judgment. The appellant did not respond. On October 14, 1993, the Clerk entered final judgment and informed the parties that "[a]ny application for attorney fees and expenses must be filed within 30 days after the date of this judgment." The appellant filed her EAJA appli-

cation on November 10, 1993. Judgment was again entered on March 24, 1994, consistent with the Court's opinion in *Stillwell v. Brown*, 6 Vet.App. 291 (1994), *dismissed for lack of jurisdiction*, 46 F.3d 1111 (Fed.Cir. 1995), and Misc.Order No. 2–94 (en banc). The mandate was entered on May 25, 1994, pursuant to Rule 41(a).

■ The Secretary argues that the December 18, 1992, entry of judgment terminated the Court's control over the case, that the Court's mandate became final 60 days thereafter, on February 16, 1993, and that the appellant's EAJA application was not timely (presumably because it was not filed within 30 days after February 16, 1993) and must be dismissed. Resp. at 10–11.

The Secretary fails to address the applicability of the Rules, *supra*, and provides no citations to relevant authority to support either his explicit assertion that the October 14, 1993, entry of judgment did not constitute a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) or his implicit assertion that the Court could not apply the Rules retroactively. Nor is the Court aware of any such authority. Because the appellant's EAJA application was filed with the Court within 30 days after the October 14, 1993, entry of final judgment, the Court holds that the EAJA application was timely filed and that the Court has jurisdiction over this matter.

### B. Predicate Issues

■ An application for an award of EAJA fees and expenses raises three predicate issues: (1) the party opposing the United States must be a prevailing party; (2) the government's position must not have been substantially justified; and (3) there must be no special circumstances which would make an award against the government unjust. *Penny v. Brown*, 7 Vet.App. 348, 350 (1995). The Secretary does not contest issue 1. Thus, the Court turns to the issues of whether the Secretary's position was substantially justified and whether "special circumstances" are present in this matter.

### C. Substantial Justification

In accordance with 28 U.S.C. § 2412(d)(1)(B) and this Court's Rule 39(b)(2), the appellant has alleged that the Secretary's position was not substantially justified. In *Stillwell,* the Court established the following standard for determining whether the Secretary's position was substantially justified:

> VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court. [Citations omitted.]

*Stillwell,* 6 Vet.App. at 302; *see Felton v. Brown,* 7 Vet.App. 276, 280 (1994) (determination of whether VA's position was substantially justified will be based on examination of VA's position both at the administrative level and before the Court).

■ In this case, the Secretary argues that his position was "substantially justified" because (1) "VA's actions in pursuing the termination of Appellant's status were clearly reasonable in law and fact in that she had held herself out as the spouse of another person for a period of years"; (2) "relevant VA statutes and regulations clearly prohibit payment of DIC benefits to widows or widowers of a veteran who hold themselves out as the spouse of another person"; and (3) "[f]or well over a decade the Appellant enjoyed the benefit of a financial windfall in excess of fifty thousand dollars, despite the fact that she was never lawfully entitled to such benefits". Resp. at 12–14.

Contrary to the Secretary's arguments, the dispositive question is not whether the appellant was legally entitled to receive the more than $50,000 of DIC benefits which were paid after she began to hold herself out as the spouse of another person. It is undisputed that she was not. As indicated in the Court's memorandum decision, the appellant argued that she was not required to repay that amount because she had not been informed that her commencing a relationship short of

marriage would result in termination of her benefits. Despite the appellant's raising such argument both before the Board and in this Court, both the Board in its March 1990 decision and the Secretary in his pleadings in this Court failed to address those arguments. On appeal to this Court, the appellant was entitled to a remand because of the government's failure to address her arguments as to non-notification. The government was not substantially justified in refusing to deal with the issue of non-notification prior to the Court's remand, a remand which resulted in cancellation of the debt precisely because of VA's non-notification. Accordingly, upon review of the "totality of the circumstances," *Stillwell, supra,* the Court holds that the government's position was not substantially justified.

### D. Special Circumstances

■ Pursuant to 28 U.S.C. § 2412(d)(1)(A), a party is not eligible for an award of fees and expenses under the EAJA if the Court determines that "special circumstances make an award unjust."

In his response to the appellant's EAJA application, the Secretary stated:

> [T]o permit recovery under EAJA under these circumstances would do violence to the stated purposes of the Act itself.... By permitting the Appellant to retain the funds which were paid to her since 1974, VA awarded her a recovery of funds to which she was not entitled under the relevant statutes and regulations. Now, Appellant seeks further recovery of funds for attorney fees and expenses expended in defense of this indefensible claim which the BVA ultimately resolved in her favor, in the spirit of equity and generosity.

Resp. at 17–18.

■ **1. Definition of Special Circumstances:** The term "special circumstances" is not defined by statute. However, the legislative history of the EAJA recognized two distinct categories of special circumstances: First, situations where the government proffers novel but credible extensions and interpretations of the law; and second, situations "where equitable considerations dictate an award should not be made." H.R.REP. No.

1418, 96th Cong., 2d Sess. 11 (1980), reprinted in 1980 U.S.C.C.A.N. 4953, 4984, 4990. Those two categories have been adopted by courts construing the special-circumstances exception. *See, e.g., Brinker v. Guiffrida,* 798 F.2d 661, 667–68 (3d Cir.1986); *Oguachuba v. INS,* 706 F.2d 93, 98 (2d Cir.1983). (In *Brinker,* the court interpreted the "equitable considerations" leg of the specialcircumstances exception to mean "a prevailing party's unclean hands." *Brinker,* 798 F.2d at 667. Similarly, in *Oguachuba* the court adopted an "unclean hands" equitable-consideration analysis in holding that the EAJA applicant's "notorious and repeated violations of ... law" constituted special circumstances. *Oguachuba,* 706 F.2d at 99.)

In his memorandum responding to the Court's order, the Secretary discusses the "novel but credible extension" exception, but apparently does not argue that that exception is applicable. Clearly, that exception does not apply to the facts of this case. Instead, the Secretary's argument focuses on the "equitable considerations" exception.

■ **2. Raising the Special Circumstances Exception:** The Court holds that either the Secretary or the Court, sua sponte, may raise the issue of special circumstances. *See Devine v. Sutermeister,* 733 F.2d 892, 896 (Fed.Cir.1984). A review of pertinent caselaw has revealed no case prohibiting a court from raising the exception *sua sponte;* indeed, courts have at times inquired into the existence of special circumstances without prompting. *See, e.g., Kauffman v. Schweiker,* 559 F.Supp. 372, 376 (M.D.Pa.1983) ("[T]he government has not asserted, and we have not sua sponte discovered, any 'special circumstances' that would make a counsel fee award unjust."). Because the Court, sua sponte, raised the special circumstances exception in its November 1994 order, the Court need not decide whether the Secretary adequately raised the exception in that portion of his response to the EAJA application quoted *supra.* Thus, the issue is properly before the Court. It is expected, however, that when the Secretary desires to prevail on this issue in the future he will raise it explicitly in his pleadings and carry

his burden of proof in accordance with part II.D.3, below.

**3. Burden of Proof:** Once the issue of special circumstances is properly before the Court, the government bears the burden of proof to demonstrate the existence of such circumstances. *See Covington v. Department of Health and Human Serv.*, 818 F.2d 838, 839 (Fed.Cir.1987); *Brewer v. American Battle Monuments Comm'n*, 814 F.2d 1564, 1566 (Fed.Cir.1987). The term "burden of proof" means the burden of persuasion and requires more than a mere allegation. *See Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, —— U.S. ——, —— – ——, 114 S.Ct. 2251, 2255–57, 129 L.Ed.2d 221 (1994).

In attempting to meet his burden of proof, the Secretary asserts that "based on the unique facts of this case [an EAJA award] would amount to a second unjust enrichment" to the appellant. Memorandum (Mem.) at 4. The crux of his argument is contained in the following sentences:

> In the instant appeal, Appellant has not only enjoyed the benefit for over a decade of a financial windfall in excess of fifty thousand dollars, but would invite this Court to further contribute to this windfall in making an award of attorney fees.... In other words, the Court should not compound Appellant's windfall merely because VA detected the initial windfall but elected not to recoup this money from Appellant.

Mem. at 8. The Secretary's statement that "VA ... elected not to recoup th[e] money" appears to imply that the appellant's obligation to return the overpayment was waived through an act of administrative largesse, and is consistent with his original response to the EAJA application wherein he asserted that the Board resolved "this indefensible claim" in the appellant's favor "in the spirit of equity and generosity." Resp. at 18.

For the following reasons, the Court holds that the Secretary has not met his burden of proof. First, the Secretary's argument misstates the express rationale of the Board's July 1993 decision on remand. The Board did not purport to waive the debt—as permitted by 38 U.S.C. § 5302(a)—on the grounds that recovery would be against "equity and good conscience." Instead, the Board determined that there was no valid debt, specifically finding that "[t]he overpayment of [DIC] was caused by an act of omission by the VA." *Doria*, BVA 93–——, at 3. The Board did not make any finding of fault on the part of the appellant. Thus, contrary to the Secretary's assertions, the Board did not "elect" to resolve the appeal "in the spirit of equity and generosity." The favorable BVA decision itself refutes the Secretary's assertion that the claim was "indefensible."

This Court's recent per curiam order in *ZP v. Brown* requires discussion. There, the appellant seeking EAJA fees moved for leave to file certain documents concerning postremand proceedings. The Court, analyzing the motion in the context of substantial justification, held that the particular postremand documents at issue were "not germane" to the adjudication of the EAJA application and denied the motion. *ZP v. Brown*, 7 Vet.App. 541 (1995) (per curiam order). *ZP* is distinguishable from the matter at bar and does not prevent the Court from considering the Board's postremand decision in determining the existence of special circumstances. *ZP* addressed the relevance of postremand documents in the context of substantial justification, not special circumstances. Pursuant to 28 U.S.C. § 2412(d)(1)(B), whether the government's position was substantially justified is limited to a "determin[ation] on the basis of the record ... which is made in the civil action for which fees and other expenses are sought." The statute contains no corresponding limitation, however, with respect to the basis for determining the existence of special circumstances.

Second, the Secretary's argument fails to distinguish between the issue of whether the appellant was entitled to *receive* the overpaid DIC benefits versus the issue of whether the appellant was required to *repay* that overpayment. There is no question that the appellant was not entitled to receive the overpaid benefits. Only the repayment question was at issue before this Court; that question alone was the subject of the Court's memorandum decision. The Secretary has failed

to demonstrate, however, that the scope of the Court's inquiry into the existence of special circumstances may properly extend to equitable considerations not involved in the underlying litigation, here the propriety of receipt of the overpayment as opposed to the propriety of repayment of such overpayment.

Finally, the Court notes that, while perhaps not dispositive, nowhere in his argument does the Secretary assert that the appellant deliberately deceived VA or that she in any way has "unclean hands." *See Brinker, supra; Guiffrida, supra.* He does not contest the appellant's assertion that she was unaware that her relationship with Ramon Doria would terminate her eligibility for DIC benefits but argues, in essence, that her ignorance of the law does not excuse her. Resp. at 13–14.

In light of the foregoing, the Court concludes that the Secretary has not met his burden of proof. Accordingly, the Court holds that the "special circumstances" exception of 28 U.S.C. § 2412(d)(1)(A) is not a bar to the appellant's application for attorney fees and expenses.

### E. Amount of Award

■ The Court must still determine what constitutes a "reasonable" fee. *See Commissioner, INS v. Jean,* 496 U.S. 154, 160–61, 110 S.Ct. 2316, 2319–20, 110 L.Ed.2d 134 (1990). In answering this inquiry, the Court must look to the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Uttieri v. Brown,* 7 Vet.App. 415, 418–19 (1995) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)); *Elcyzyn v. Brown,* 7 Vet.App. 170, 176 (1994) (adopting *Hensley* test).

■ **1. Hours Reasonably Expended:** The appellant's application included a request for compensation for 136.1 hours of work by six individuals, including 55.4 hours of work by counsel of record. In support of that request, the appellant filed an accounting which provides a contemporaneous record of the exact time spent on the case, including a description of the services performed, the usual billing rates, and a break-

down of expenses, as required by the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B) (requiring an "itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed."). The Secretary asserts that the request should be reduced by (1) two hours of time expended from September 1990 through August 1991 in an effort to obtain Board reconsideration and (2) 11.9 hours of time expended researching procedural aspects of the appeal in this Court. Resp. at 18–35. Counsel for the appellant has in turn suggested that the two hours spent in connection with the Board reconsideration motion be dropped from the accounting because they are "de minimis" and uneconomical to litigate. Appellant's Reply to the Secretary's Resp., at 9–10. Accordingly, the Court will reduce the appellant's EAJA award by excluding those two hours from computation. With respect to the 11.9 hours of procedural research, the Secretary's opposition is unpersuasive, and the Court finds no reason to reject the assertion of appellant's counsel that those hours would ordinarily be charged to his client. *See Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939 (hours not properly billed to one's client are not properly billed to the government). Accordingly, the appellant's EAJA award will not be reduced by excluding those hours from computation.

■ **2. Reasonable Hourly Rate:** The appellant's EAJA application requests fees in the amount of $125 per hour for counsel of record and $95 per hour for another individual. The hourly rates for the remaining individuals are below $75. In *Elcyzyn,* 7 Vet. App. at 179–81, the Court held that "the increase in the cost of living since enactment of the EAJA in 1981 may justify a fee higher than the statutorily-capped $75" and that "the appropriate cost of living index ... under the EAJA ... is the national [U.S. Department of Labor Consumer Price Index (CPI–ALL index)] or the CPI–ALL index for the region or local area where the services were performed." Because the Court's *Elcyzyn* decision was issued after the appellant filed her EAJA application, the appellant will be permitted to submit a revised accounting which complies with that decision. *See Elcyzyn,* 7 Vet.App. at 184. In that

accounting, the appellant should identify the titles and training of the five other individuals whose time is being charged to the case.

■ 3. **Expenses:** The Secretary has not objected to the appellant's request for expenses of $986.24. Because the Court finds the claimed expenses to be reasonable under section 2412(d) as expenses "customarily charged to the client," the Court will grant the amount requested for expenses. *Penny,* 7 Vet.App. at 352. *See also March v. Brown,* 7 Vet.App. 163, 169–70 (1994) (quoting *Oliveira v. U.S.,* 827 F.2d 735, 744 (Fed. Cir.1987), and *Cook v. Brown,* 6 Vet.App. 226, 238 (1994), *affirmed by,* 68 F.3d 447 (Fed.Cir.1995)).

## III.   CONCLUSION AND ORDER

For the reasons stated above, the appellant's application for attorney fees and expenses is GRANTED in an amount determined in accordance with this opinion.

The appellant may, within 30 days after the date of this opinion, file a revised accounting, including any amendment to her application to add hours devoted to the fee litigation itself ("fees for fees"), predicated upon an hourly rate based on the CPI–ALL index for an appropriate base date; if no such revised accounting is timely filed, the hourly rate shall be capped at $75 and the Clerk of the Court shall then enter an order awarding the claimed fees and expenses. If the appellant files and serves a revised accounting, the Secretary shall have 20 days to file objections, not inconsistent with this decision, to that accounting. If objections are not filed within 20 days, or if the Secretary indicates that he will interpose no objections, the Clerk is directed to enter an order awarding the appellant's claimed attorney fees and expenses.

It is so ORDERED.