# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-1475

KAREN DIXON,                                                          APPELLANT,

V.

PETER O'ROURKE,
ACTING SECRETARY OF VETERANS AFFAIRS,                                 APPELLEE.

(Argued February 1, 2018                                Decided June 19, 2018)

*Thomas W. Stoever*, of Denver, Colorado, for the appellant.

*Ronen Z. Morris*, with whom *Meghan Flanz*, Interim General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Thomas E. Sullivan*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, *Chief Judge*, and GREENBERG and ALLEN, *Judges*.

## O R D E R

PER CURIAM: The case before the Court is an application for fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The appellant, Karen Dixon, widow of veteran Donald Dixon, seeks fees, costs, and expenses in the amount of $186,602.24 in connection with her representation by the law firm Arnold & Porter Kaye Scholer LLP (Arnold & Porter). For the following reasons, the Court will grant entitlement to fees, costs, and expenses for the entire period requested, and order a settlement conference based on the Court's holding.

## I. BACKGROUND

Mr. Dixon was a Gulf War veteran who served on active duty between July 1979 and July 1992. *See* Nov. 9, 2007, Board of Veterans' Appeals (Board) Decision at 2. In a November 9, 2007, decision, the Board denied the veteran's August 2003 claim for benefits based on service connection for non-caseating granuloma with history of transverse myelitis. *See* Nov. 9, 2007, Board Decision at 1-16. On May 9, 2008, 181 days after that decision, the veteran filed a Notice of Appeal (NOA) with the Court. In August 2008, the Court dismissed the veteran's appeal for lack of jurisdiction because the NOA was filed more than 120 days after the Board decision was mailed. *Dixon v. Peake*, No. 08-1475, 2008 WL 4414521 (U.S. Vet. App. Aug. 29, 2008) (mem. dec.); *see* 38 U.S.C. §§ 7252, 7266; U.S. VET. APP. R. 4. Mandate was issued in December 2008.

In March 2011, the U.S. Supreme Court held that the 120-day rule was not a jurisdictional requirement. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 431 (2011). Following this Court's holding in *Bove v. Shinseki* that the 120-day appeal period was subject to equitable tolling, the veteran was informed that he could file a motion to recall the December 2008 mandate on equitable tolling grounds. *See* 25 Vet.App. 136, 140 (2011); U.S. Vet. App. Misc. Order No. 04-12 (Feb. 7, 2012). In May 2012, the veteran filed a pro se motion to recall mandate, arguing that

he missed the 120-day appeal deadline because he was so physically and mentally ill that he was unable to concentrate or work on his appeal. The Court denied the veteran's motion on August 14, 2012, explaining that the veteran had not demonstrated that his untimely NOA filing was the direct result of his illnesses, even though the appellant had submitted a letter from his VA treating physician asserting that the appellant was unable to focus on the appeal in the months following the November 9, 2007, Board decision. *Dixon v. Shinseki*, No. 08-1475, 2012 WL 3291861 (U.S. Vet. App. Aug. 14, 2012) (order).

On August 24, 2012, Arnold & Porter began representing the veteran on a pro bono basis; attorneys Thomas W. Stoever, Jr., and Sterling J. LeBoeuf were assigned to the veteran's appeal. On August 28, 2012, the veteran moved for an extension of time in which to file a motion for reconsideration or panel consideration of the August 14, 2012, Court decision. In October 2012, the veteran filed a second motion for an extension of time and a motion for leave to file a motion for reconsideration or panel review. The veteran alleged that VA interfered with his ability to file to motion for reconsideration.[1] One week later, the Court denied both motions.

The veteran appealed to the Federal Circuit, which in February 2014 reversed the August 2012 decision of this Court and remanded the matter for the veteran to have an opportunity to secure and submit his claims file and for the Court to consider the letter submitted by the veteran's VA treating physician. *Dixon v. Shinseki*, 741 F.3d 1367, 1379 (Fed. Cir. 2014).

While the Court was considering the case on remand, the Court was informed that the veteran died in November 2013, and the appellant was substituted in the veteran's case. In April 2014, the Court ordered the parties to submit argument on the issue of equitable tolling.

In response to the Court's order, the Secretary stated that he believed that the criteria for equitable tolling had been met and that he was "unopposed to the application of equitable tolling in the instant case." Secretary's June 2, 2014, Response (Resp.) at 5-6. Despite this concession, in November 2014, the Court again denied the motion to recall the December 2008 mandate, holding that the Court may sua sponte dismiss an appeal for being untimely. *Dixon v. Gibson*, No. 08-1475, 2014 WL 3610404, at *5 (Vet. App. July 23, 2014). The appellant appealed this decision. In March 2016, the Federal Circuit reversed and remanded, holding that the Court erred in concluding that it possessed the authority to "resolve timeliness in the face of the Secretary's waiver by granting him relief that he explicitly declined to seek." *Dixon v. McDonald*, 815 F.3d 799, 803 (Fed. Cir. 2016).

On June 16, 2016, the Court ordered that the May 2008 NOA be accepted as timely filed. In November 2016, the Court granted the parties' joint motion for a partial remand.

---

[1] On September 5, 2012, attorney LeBoeuf requested the veteran's VA claims file. Declaration of Rebecca Golz at 1. He was informed that the claims file had to be inspected in person at the regional office (RO) and could not be inspected until October 1, 2012, just 3 days before the original motion for an extension of time expired. *Id.* at 2. While at the RO, the legal assistant reviewing the file was constantly monitored, told to stop her document review after 2.5 hours, and was requested to leave the building before receiving copies of the claims file documents she found pertinent. *Id.* at 2-3. Furthermore, when LeBoeuf attempted to secure a signed declaration from a VA physician who had treated the veteran for conditions that allegedly prevented him from timely filing the original NOA, VA prohibited the physician from signing the declaration. Declaration of Sterling LeBoeuf at 1-2.

## II. ARGUMENTS

On January 25, 2017, the appellant filed an application for fees, costs, and expenses under the EAJA in the amount of $186,602.24. Appellant's Amended Application for Award of Attorney's Fees & Expenses (EAJA Application). The appellant seeks $164,208.66 in attorney fees for 775.8 hours of attorney work at a rate of $193.66 per hour and 120.2 hours of paralegal work at $116.20 per hour. EAJA Application at 10-11. Additionally, the appellant seeks $22,393.58 in expenses for postage, document retrieval, legal research, and travel expenses. *Id.* at 11-12.

### A. Secretary

The Secretary argues that the appellant is not entitled to recover attorney fees or expenses incurred in connection with litigation preceding the June 16, 2016, Court order granting equitable tolling. Secretary's Resp. in Opposition to Appellant's EAJA Application (Secretary's Resp.) at 4-7. According to the Secretary, the equitable tolling litigation was "effectively between the [a]ppellant and the Court" and therefore did not constitute part of a civil action "brought by or against the United States." *Id.* at 4-7; *see also* 28 U.S.C. § 2412(d)(1)(A). Alternatively, the Secretary argues that if this litigation may be considered for fees and expenses, in this instance no such award should be made because the litigation arose, not from any conduct or inaction by VA, but solely from the veteran's failure to file an NOA within 120 days of the mailing of the Board decision. Secretary's Resp. at 7-8. Further, the Secretary argues that fees and expenses should be denied because the Government's position in the litigation before June 16, 2016, was substantially justified. *Id.* at 8-12. Additionally, the Secretary argues that special circumstances exist that make an award of fees and expenses unjust in this case. *Id.* at 12-13. Finally, the Secretary challenges the reasonableness of the fees and expenses requested. *Id.* at 13-20.

### B. Appellant

The appellant responds that the Court should award EAJA fees and expenses in the full amount requested. Appellant's Second Amended Reply in Support of Her EAJA Application (Appellant's Resp.). She contends that the veteran, by filing an NOA in May 2008, initiated a civil action against the United States. Id. at 2-9. The appellant also contends that it is irrelevant to the application that the Government did not cause the NOA to be filed beyond the 120-day window. *Id.* at 7. Next, the appellant argues that because only one substantial-justification analysis is required for an entire civil action, and the Secretary's position on the merits of the claim was not substantially justified, the Court should not perform such an analysis on the Secretary's position in the equitable tolling portion of the litigation. *Id.* at 9-15. Finally, the appellant argues that there are no special circumstances and that the requested fees and expenses are reasonable. *Id.* at 15-19.

## III. ANALYSIS

The Court is presented with several issues. First, at what point did this litigation begin? Second, does the Secretary's lack of culpability in the veteran's failure to submit an NOA within 120 days after the November 2007 Board decision was mailed absolve the Government of a potential obligation to pay fees and expenses under the EAJA for the portion of the litigation focusing on the timeliness of the NOA? Third, was the Secretary's position substantially justified? Fourth, are there special circumstances that would make an award of fees and expenses unjust? Finally, what constitutes a reasonable amount of attorney fees and expenses?

A.  Eligibility Under the EAJA

Under the EAJA, the Court has jurisdiction to award reasonable attorney fees and expenses to an applicant who submits a timely application (1) showing that the applicant is a prevailing party "in any civil action . . . brought by or against the United States"; (2) showing that the applicant is "eligible to receive an award"; (3) containing a statement of  "the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate" charged[2]; and (4) alleging that the position of the United States was not substantially justified.[3] *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(b); (2)(F); U.S. VET. APP. R. 39; *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). If the Court finds special circumstances that would make an award unjust, the Court will not grant fees and expenses. *See* 28 U.S.C. § 2412(d)(1)(A).

A "civil action . . . brought by or against the United States" includes "proceedings for judicial review of agency action." *Id.* A prevailing party to a civil action is one who has "succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." *Tex. Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603 (2001) (to be prevailing, a party must "receive at least some relief on the merits of his claim"). An appellant who secures an agency remand is a prevailing party if "(1) the remand was necessitated by or predicated upon adminstratrive error, (2) the remanding court did not retain jurisdiction, and (3) the language in the remand order clearly called for further agency proceedings." *Blue v. Wilkie,* No. 15-1884(E), 2018 WL 2230562, at *4 (U.S. Vet. App. May 16, 2018); *see also Gurley v. Peake*, 528 F.3d 1322, 1326-28 (Fed. Cir. 2008) ("The mere fact that the remand was by agreement does not bar a finding of prevailing party status," so long as the remand was predicated upon administrative error discerned by the courts or conceded by the United States).

The Secretary's position is "substantially justified" when it is founded upon a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Where a party alleges that the Secretary's position was not substantially justified, the burden shifts to the Secretary to prove substantial justification. *Stillwell*, 6 Vet.App. at 301. In *Comm'r, I.N.S. v. Jean*, the Supreme Court held that only one "substantial justification" analysis is required for the entirety of a litigation; no additional findings are required for each distinct stage. 496 U.S. 154, 158-59 (1990). The Court noted that a fee award "presumptively encompasses all aspects of the civil action," and that a "single finding that the Government's position lacks substantial justification . . . operates as a one-time threshold for fee eligibility." *Jean*, 496 U.S. at 160; *see also Sullivan v. Hudson,* 490 U.S. 877, 888 (1989) (where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded").

---

[2] The fact that a party is represented pro bono, and hence does not "incur" any fees during litigation, does not preclude an award of fees and expenses under the EAJA. *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994) (citing *Phillips v. GSA,* 924 F.2d 1577, 1583 n.4 (Fed. Cir. 1991)).

[3] An application must be made within 30 days of the Court's judgment becoming final. *See* 28 U.S.C. § 2412(d)(2)(B). When a party is an individual, she is "eligible to win an award" under the EAJA if her net worth did not exceed $2,000,000 at the time the civil action was filed. *Id.* Since it is not disputed that the appellant's application was timely or that she is eligible to win an award, the Court will not address these issues further.

Finally, special circumstances make an award under the EAJA unjust where the applicant has "unclean hands," meaning there were "notorious and repeated violations of . . . law." *Doria v. Brown*, 8 Vet.App. 157, 162 (1995) (citing *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983)); *see also Brinker v. Guiffrida,* 798 F.2d 661, 667-68 (3d Cir.1986)). On the issue of special circumstances, the Secretary bears the burden of proof. *Doria*, 8 Vet.App. at 163.

### B. Application

The Court holds that the veteran's May 9, 2008, NOA commenced a civil action against the United States by initiating proceedings for judicial review of agency action. *See* 28 U.S.C. § 2412(d)(1)(A). While this litigation has had multiple phases, including litigation related to the timeliness of the appellant's NOA, each was part of a single overarching civil action appealing the merits of the underlying November 2007 Board decision. *See Jean*, 496 U.S. at 161-62 ("EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items."). Therefore, the appellant is eligible to receive EAJA fees and expenses for the entirety of the litigation. The Secretary's contention that he was not to blame for the years of litigation over the timeliness of the NOA is irrelevant, as his culpability or lack of culpability has no effect on the fact that the equitable tolling phase is part of the entire civil action. *Id.*

Having found EAJA applicable, the Court concludes that the appellant is a prevailing party and the Secretary's position is not substantially justified, because this Court granted a joint motion for partial remand of the claim for further development based on the Secretary's concession that VA had failed to satisfy its duty to assist the appellant. *See* Nov. 3, 2016, Joint Motion for Partial Remand at 1-8; *see also Blue,* 2018 WL 2230562, at *4.

Finally, the Secretary has failed to persuade the Court that special circumstances weigh against an award of fees and expenses. *See Doria*, 8 Vet.App. at 162. The Secretary argues that it would be unfair to the Government and taxpayers to pay for litigating equitable tolling, because the litigation arose from the veteran's inability to file his NOA. Secretary's Resp. at 12-13. While the Court understands the Secretary's general interest in protecting the public fisc, that interest must be "subordinate to the specific statutory goals of encouraging private parties to vindicate their rights." *Jean*, 496 U.S. at 164-65. The Secretary has provided no other argument why an award of EAJA fees is inequitable, and thus on this issue he has not met his burden of persuasion. *See Doria*, 8 Vet.App. at 163.

Because the appellant executed a fee agreement with Arnold & Porter on August 24, 2012, the Court holds that the appellant is entitled to reasonable fees and expenses under the EAJA beginning August 24, 2012.

### C. Other Matters

Typically, once the Court determines that an appellant has met the threshold requirement for receiving EAJA fees and expenses, the Court must determine the reasonableness of the fees and expenses. *See Uttieri v. Brown,* 7 Vet.App. 415, 418 (1995) (citing *Jean,* 496 U.S. at 160-61 (1990)). The Court "has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West,* 11 Vet.App. 497, 501 (1998) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)).

However, because of the length of this case, and the substantial value of the claimed fees and expenses, the Court will order a staff conference to be held under Rule 33 of the Court's Rules of Practice and Procedure to discuss the reasonableness of the requested fees and expenses. *See* U.S. VET. APP. R. 39(c) (permitting the Court to direct the parties in a fee dispute to attend a staff conference). The Court will provide the parties 30 days following the staff conference to reach a settlement based on the Court's holding. If no agreement on fees and expenses is made within the allotted time, the Court will determine a reasonable amount fees, costs, and expenses owed by the Government to the appellant. Upon consideration of the foregoing, it is

ORDERED that entitlement to attorneys fees, costs, and expenses for the entire period requested is GRANTED. It is further

ORDERED that a Rule 33 staff conference be scheduled. It is further

ORDERED that within 30 days of the staff conference, the parties should inform the Court of the status of their settlement efforts. It is further

ORDERED that the matter be returned to the panel to review any settlement agreement or, if an agreement is not reached, that the matter be returned to the panel at the expiration of the 30-day period following the staff conference.