Alfred **GLEICHER**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–147.

United States Court of Veterans Appeals.

Submitted July 22, 1991.

Decided Dec. 17, 1991.

Rick Surratt (non-attorney practitioner) was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and John D. Lindsay, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

The appellant, Alfred Gleicher, a veteran of World War II and a former prisoner of war, appeals a decision of the Board of Veterans' Appeals (BVA) which denied him a total disability rating for a psychiatric disorder. The Court holds that the BVA was not clearly erroneous in determining that appellant was not entitled to a rating in excess of 70%. The Court also holds that the BVA was clearly erroneous in finding that appellant was able to follow or secure a substantially gainful occupation. Appellant, therefore, as a matter of law, is entitled to a total disability rating under 38 C.F.R. § 4.16 (1991).

## FACTS

The appellant served in the Army Air Corps during World War II. In July 1944, while serving as a flight officer on a B–24 crew, his aircraft was shot down and the appellant was forced to parachute into enemy territory where he was captured and held as a prisoner until termination of hostilities. He was awarded a 10% disability rating in 1947 for the residuals of gunshot wounds received during his capture. He apparently led a fairly normal life for many years, obtaining a degree in engineering and an advanced degree in management. However, as a result of his wartime experiences, the appellant began to develop psy-

chiatric problems and was ultimately awarded a 70% disability rating by the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) for these problems on November 18, 1988. He appealed that decision to the BVA and requested a 100% schedular rating. In its decision, the BVA continued the 70% rating.

The facts that led to the 70% rating for severe psychiatric disturbance disclosed a man who had retired from his employment as an engineer in 1982 because he was having great difficulty in dealing with people. As his illness progressively worsened, he had withdrawn into a life where he was essentially a "loner." It was noted in a VA psychiatric examination report of August 26, 1988, that appellant's inability to trust people continued to make him an "unreliable potential employee" and that if he "was forced to associate with others he would become severely upset and probably become physically ill." A VA social and industrial survey dated October 24, 1988, also concluded appellant was "incapable of securing or maintaining employment." Nonetheless, despite these somewhat forbidding facts, the BVA found him employable and in support of that decision stated: "[T]he veteran remains in contact with reality and his conversation is logical and coherent. In addition the veteran has significant educational and occupational experience...."

## DISCUSSION

The appellant argues, firstly, that the BVA decision was clearly erroneous in failing to award a 100% schedular rating. Secondly, he argues that even assuming the BVA was not in error in failing to assign a 100% rating, he should, nonetheless, be given a total rating pursuant to 38 C.F.R. § 4.16. Section 4.16 allows, inter alia, a total rating where a veteran with a 70% rating for a mental disorder is "unable to secure or follow a substantially gainful occupation." We disagree with the appellant's first contention, but agree as to his second one; we therefore affirm the deci-

sion of the BVA in part and reverse in part as discussed below.

## A.

■ We will deal summarily with the issue of whether, based on the severity of the appellant's disability, the BVA was clearly erroneous in not assigning a 100% schedular rating. A decision as to the severity of a disability is a factual determination. *Lovelace v. Derwinski*, 1 Vet.App. 73 (1990). This Court may not, of course, as to factual determinations made by the BVA, substitute its judgment for that of the BVA if there is a plausible basis for the decision. 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski*, 1 Vet. App. 49, 52–53 (1990). After a review of the record we are satisfied that the BVA's determination as to the severity of the disability was fully supported by the evidence. It follows that a 70% schedular rating was appropriate; moreover its written decision was sufficient in giving "reasons and bases" for this determination. 38 U.S.C. § 7104(d) (formerly 4004(d)). *See Gilbert*, at 57.

## B.

The BVA decision was, however, inadequate in dealing with the question of the appellant's claimed unemployability. The BVA erred in finding that the veteran was able to follow or secure a substantially gainful occupation based on the evidence of record. It also failed to provide adequate "reasons or bases" for its conclusion.

■ In denying the appellant a total rating based upon unemployability, the BVA did little more than point to appellant's relatively advanced education and occupational experience and opine that his disabilities did not "preclude all forms of substantially gainful employment." This clearly is insufficient in providing "reasons and bases" for the decision. *Hatlestad v. Derwinski*, 1 Vet.App. 164, 170 (1991) (BVA decision failed to explain the conclusion of the BVA that appellant was not unemployable); *Hyder v. Derwinski*, 1 Vet.App. 221, 224 (1991) (BVA decision failed to give reasons or bases for the conclusion that veteran's back disorder did not prevent her from substantially gainful employment in view of her age, education and work experience). In point of fact, to merely allude to educational and occupational history, attempt in no way to relate these factors to the disabilities of the appellant, and conclude that some form of employment is available, comes very close to placing upon the appellant the burden of showing he can't get work. At a minimum, therefore, this case is deficient in providing a reasoned analysis for the decision that appellant was able to secure or follow a substantially gainful occupation. There is, however, an even more fundamental defect in the BVA decision.

■ A veteran with a 70% disability rating is entitled to an "extra schedular" total disability rating if he is unable to secure or follow a substantially gainful occupation as a result of the disability. 38 C.F.R. § 4.16. Appellant meets the requirement in section 4.16 of having a mental disability rated to be 70% disabling. That rating was upheld by the BVA and affirmed by this Court in the instant decision. Appellant was awarded a 70% rating and would therefore be entitled to a total disability rating under section 4.16 if he is found unable to secure or follow a substantially gainful occupation.

As noted above, the BVA determined that appellant's psychiatric disability was not of sufficient severity to preclude him from some form of substantially gainful occupation consistent with his education and occupational experience. We find that the BVA was clearly erroneous in its factual determination concerning employability. The facts principally relied on by the BVA, i.e., the appellant's advanced educational and occupational experiences are, at best, equivocal. It could be argued with at least equal force that a person who has spent his employed life as an engineer and manager and who has a *severe* mental disability and minimal social skills is likely to be less employable than a person with similar disabilities whose occupation has not been as demanding as to the use of his mental faculties and social skills.

Moreover, in its evaluation, the BVA failed to consider the 1988 VA psychiatric examination report and the 1988 VA social and industrial survey, both of which concluded that the appellant was incapable of securing or maintaining employment. There is no evidence of record to the contrary. We have previously held that the conclusion of an examining psychiatrist is a medical conclusion which the BVA is not free to ignore. *Willis v. Derwinski*, 1 Vet. App. 66, 70 (1991). After a review of all the evidence we are left with a "definite and firm conviction that a mistake has been committed" concerning the BVA's finding of fact as to the appellant's employability. *Gilbert*, slip op. at 4. The BVA decision regarding appellant's employability is implausible and thus clearly erroneous. Appellant is therefore entitled to total unemployability under 38 C.F.R. § 4.16 as a matter of law because he meets the requirements of the regulation. Accordingly, while we AFFIRM the BVA as to its decision that a 70% rating was appropriate for the appellant's service-connected mental disorder, we REVERSE the decision as to employability and REMAND the case to the BVA with directions to assign the appellant a 100% rating in accordance with 38 C.F.R. § 4.16.