**David T. KAISER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–35.**

United States Court of Veterans Appeals.

Aug. 16, 1993.

Ronald L. Smith was on the pleadings, for appellant.

James A. Endicott, Jr., General Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Barbara J. Finsness were on the pleadings, for appellee.

Before KRAMER, MANKIN and IVERS, Judges.

MANKIN, Judge:

Appellant appeals an October 15, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to an increased (total) rating for post-traumatic stress disorder (PTSD) and which denied entitlement to a total rating for compensation purposes based on individual unemployability due to service-connected disabilities. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

## I. BACKGROUND

The veteran served in the United States Army from June 7, 1966, to June 6, 1969. R. at 1. Currently, appellant is service-connected for PTSD, rated as 70% disabling, and for chronic prostatitis and urethritis, rated as 10% disabling. R. at 249. His combined service-connected disability rating is 70% disabling. In December 1989, appellant filed a claim for increased compensation based on unemployability. That claim, which was treated as both a claim for an increased schedular rating and a claim for unemployability benefits was denied by rating decision on July 11, 1990. R. at 571. On September 5, 1990, appellant filed a Notice of Disagreement to the rating decision and subsequently perfected his appeal to the Board. The evidence of record reveals that appellant dropped out of school after the ninth grade in order to enlist in the service. R. at 173. Appellant was granted Social Security Disability compensation in 1986 and has not worked since that time. R. at 202, 246. The record contains a Veterans' Administration (now Department of Veterans Affairs) (VA) medical examination report from July 1985 in which the examining physician concluded that appellant's PTSD had resulted in "profound interference in his social and eco-

nomic adjustment." R. at 184. In December 1988, the VA referred appellant for an evaluation to Ronald Dougherty, M.D., at Pelicon, Inc., where he had been receiving treatment since March 1985. In his report, Dr. Dougherty reported that appellant was experiencing occasional blackouts which were lasting several hours or longer, and that flashbacks were occurring ten to fifteen times a day or constantly. R. at 225. The report indicated that the veteran and his wife socialized with one other couple from church, but that he avoided all other socialization. It further indicated that appellant frequently suffered severe episodes of depression during which he isolated himself from his family. R. at 232. In conclusion, Dr. Dougherty stated that appellant "is totally unemployable and barely can function at an acceptable level." R. at 234. In a subsequent letter, Dr. Dougherty reiterated that "because of his service connected disabilities, Mr. Kaiser is unable to retain or maintain any gainful employment." R. at 248. In an April 1988 psychosocial evaluation summary, conducted at Pelicon Inc., the examiner, Diane Tyrell, Ph.D., stated that appellant's "social skills are so poor and his other problems so all-encompassing ..." and that "... he is totally unemployable and generally functioning at a barely acceptable level." R. at 227.

Appellant received a VA mental status examination in August 1988. The examining physician stated that "he is unable to go into the woods to go hunting or fishing because he 'flashes back' to Vietnam. He is unable to take his children out for outdoor recreation. He states that whenever he hears a helicopter, he is 'back in Vietnam immediately'." R. at 528. In a May 15, 1990, VA psychiatric examination report, appellant complained that his condition had grown worse. He was evaluated as "correctly oriented, extreme of consciousness reveals no blocking, mood depressed. Hallucinations not listed, insight and judgment adequate." S.R. at 2. Nevertheless, the examining physician concluded that appellant's adaptive functioning was "severely impaired." S.R. at 3.

## II. ANALYSIS

Appellant seeks an increased rating for his service-connected PTSD from 70% to 100% or, in the alternative, an increase in his disability rating from 70% to 100% on the basis of individual unemployability. In order to be granted entitlement to a total disability rating, a veteran either must be rated totally disabled under the Schedule for Rating Disabilities, or, where the schedular rating is less than total, must be rated at least 70% for combined disabilities, one of which, rated at least 40%, renders the veteran unable to "secure or follow a substantially gainful occupation as a result of service-connected disabilities." 38 C.F.R. 4.16(a) (1992). Because the Board, on remand, will assign appellant a total unemployability rating under section 4.16, he will have been granted the maximum benefits to which he is entitled.

In denying appellant a total rating based upon unemployability, the BVA noted that he had once been self-employed as a newspaper delivery man, that he had been unemployed in recent years, and that the psychological evaluation reports in the record stated that appellant was unemployable. Nevertheless, the BVA concluded that appellant's service-connected disabilities did not "preclude all forms of substantially gainful employment, particularly those of a relatively non-stressful nature with minimal public interaction." *Kaiser*, BVA 91–21326, at 5. "[T]o merely allude to ... occupational history, attempt in no way to relate th[is] factor[ ] to the disabilities of the appellant, and conclude that some form of employment is available, comes very close to placing upon the appellant the burden of showing he can't get work." *Gleicher v. Derwinski*, 2 Vet.App. 26, 28 (1991). The Secretary of Veterans Affairs concedes that the Board's conclusion fails to provide sufficient "reasons or bases" for the decision and he requests remand in order to allow the BVA to address the deficiencies in its decision. Br. at 6. In addition, the BVA determined in its decision that the psychological evaluation reports in the record, which conclude that appellant is unemployable, were based upon non-service-connected disabilities in

addition to PTSD. Dr. Dougherty stated that appellant is unemployable because of his service-connected disabilities. As a result of an April 1988 psychological evaluation, appellant was found to be "totally unemployable and generally functioning at a barely acceptable level." R. at 227. The evaluation reports of record do no more than mention appellant's non-service-connected disabilities, and none indicates that appellant's unemployability was based upon these additional disabilities. We have previously held that the conclusion of an examining psychiatrist is a medical conclusion which the BVA is not free to ignore. *Willis v. Derwinski,* 1 Vet.App. 66, 70 (1991). Nor may the BVA substitute its own unsubstantiated medical opinion for expert medical opinions of record. *Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). The record contains no evidence rebutting Dr. Dougherty's conclusion that appellant is unemployable.

After reviewing all of the evidence in the record, we are left with a "definite and firm conviction that a mistake has been committed" by the BVA in its factual findings regarding appellant's employability and that, therefore, those findings are clearly erroneous. *Gilbert v. Derwinski,* 1 Vet.App. 49, 52 (1990). In addition, the Court notes that the record reveals that appellant's demonstrable inability to obtain employment meets the criteria for a 100% rating under 38 C.F.R. § 4.132, DC 9411. Therefore, the Court REVERSES the Board's denial of a total rating for unemployability and REMANDS the matter to the BVA with directions to assign appellant a 100% unemployability rating in accordance with 38 C.F.R. § 4.16. *See Gleicher,* 2 Vet.App. 26. Further, the Court VACATES the BVA's denial of an increased rating for PTSD and REMANDS this matter for readjudication in light of the Court's determination of unemployability.