Roger E. **PENNY**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 93–12.

United States Court of Veterans Appeals.

Jan. 12, 1995.

Denny Hyslip, Fayetteville, AR, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Paul J. Hutter, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

FARLEY, Judge:

Before the Court is the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court will grant the appellant's application and order the award of attorney fees and expenses consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Substantive Appeal

The appellant filed a timely appeal of a September 1, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which had denied entitlement to a compensable rating for hepatitis. The Board had determined that the appellant's degree of impairment did not meet the schedular criteria for a compensable disability rating. In reaching this de-termination, the Board, relying upon medical texts, concluded that infectious hepatitis, which had been resolved and was nonsymptomatic, warranted a noncompensable rating. R. at 8–9. In a February 1994 memorandum decision, this Court vacated the BVA decision and remanded the matter for readjudication. *Penny v. Brown,* U.S.Vet.App. No. 93–12, 1994 WL 50820 (Feb. 18, 1994) (hereinafter mem. decision). The Court found that the Board had failed to provide the appellant reasonable notice of its reliance upon medical texts in reaching its decision, and failed to provide the appellant a reasonable opportunity to respond to the medical text evidence. *See Thurber v. Brown,* 5 Vet.App. 119 (1993). The Court then remanded the matter to the Board for the BVA to comply with the requirements set forth in *Thurber. See* mem. decision at 5.

### B. Application for Attorney's Fees

On June 20, 1994, the appellant filed an Application For Payment of Fees and Other Expenses, and on August 24, 1994, the Secretary filed a response. In his application, the appellant asserts that he is a "prevailing party," that he meets the "net worth" requirements and is thus an eligible party, and that the Secretary's position was not "substantially justified." Application (App.) at 1–2. The appellant also provided an accounting in which he requested an award of $2,014.40, computed as 26.75 hours at an hourly rate of $75.00, plus a fax expense of $8.15. App. at 2–3.

The Secretary asserted that he does not contest the appellant's representations concerning his net worth, that the appellant is a "prevailing party," that a "final judgment" has been rendered, and that the number of hours or the hourly rate claimed by the appellant is reasonable. Further, the Secretary asserted that he does not contend that "special circumstances" apply in this case that would make an attorney fee award unjust. Secretary's response (Response) at 2–3. The Secretary does not address the appellant's claim for the fax expense. The Secretary argues, however, that his position in this appeal was substantially justified and thus an award of attorney fees is unwarranted. Response at 7–12.

## II. ANALYSIS

On October 29, 1992, Congress enacted section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note). Section 506(a) amended 28 U.S.C. § 2412(d)(2)(F) to make the EAJA applicable to this Court. *See Stillwell v. Brown*, 6 Vet.App. 291 (1994); *Elcyzyn v. Brown*, 7 Vet.App. 170 (1994).

The EAJA provides in relevant part that a court shall award to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action, ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

 . . . .

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; ...

 . . . .

(F) "court" includes the United States Court of Federal Claims and the United States Court of Veterans Appeals;

28 U.S.C. § 2412(d)(1)(A), (2)(D), (F).

### A. Predicate Issues

■ There are three predicate findings to an award of EAJA fees and expenses: (1) the party opposing the United States must be a "prevailing party"; (2) the government's position must not have been substantially justified; and (3) there must be no circumstances that make an award against the government unjust. In this case, the Secretary does not contest the appellant's status as a "prevailing party," and we find that the appellant in fact and in law is a "prevailing party" under 28 U.S.C. § 2412(d)(1)(A). *See Stillwell*, 6 Vet. App. at 300–01. The Secretary also does not assert "special circumstances" as defined by 28 U.S.C. § 2412(d)(1)(A) which would make an attorney fees award unjust in this case. Response at 3. The Court also finds that the appellant's application was timely filed.

Thus, the only predicate issue in dispute is whether the Secretary's position was substantially justified.

### B. Substantial Justification

■ In *Stillwell*, 6 Vet.App. at 302, this Court established the following standard for determining if the Secretary's position was substantially justified:

[T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court. [Citations omitted].

We also adopted the Federal Circuit's "reasonableness" test, which the *Stillwell* Court summarized as follows:

(1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States*, 757 F.2d 247, 253 (Fed.Cir.1985)] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Stillwell* at 302; *see also Olney v. Brown*, 7 Vet.App. 160 (1994); *Elcyzyn, supra.*

The Secretary argues that his position during the litigation of the case before this Court was "substantially justified" because (1) both parties failed to recognize the significance of the *Thurber* case in light of the BVA decision, and (2) since the Secretary filed his brief on July 14, 1993, only 60 days after the *Thurber* decision, his failure to apply the

*Thurber* rule does not result in the conclusion that his litigation position was not "substantially justified." Response at 10–11. The appellant argues that the "Board's failure to advise the claimant of the texts used to evaluate his claim, nor to afford him reasonable opportunity to controvert same was not substantially justified." App. at 2.

■ The Secretary has a duty to inform this Court of the facts and the law applicable in each appeal before this forum. As was stated in *MacWhorter v. Derwinski*, "counsel has an ethical obligation to correctly advise the Court of the facts and the law." 2 Vet. App. 133, 135 (1992) (citing MODEL RULES OF PROFESSIONAL CONDUCT FOR FEDERAL LAWYERS Rule 3.3 (1990); ABA MODEL RULES OF PROFESSIONAL CONDUCT Rule 3.3 (1983)). Further, the citation of supplemental authority is mandatory under this Court's Rule 28(h) which states:

> (h) **Citation of Supplemental Authorities.** When pertinent and significant authorities come to the attention of a party after the party's brief has been filed or after oral argument but before the decision, a party shall promptly advise the Clerk, by letter, with a copy to all other parties, setting forth the citations. If the authority is not readily available in a Reporter system, the party shall provide the Clerk with a copy. The letter must refer to the page of the brief or to a point argued orally to which each citation pertains, and the letter must state without argument the reasons for the supplemental citations. Any response must be made promptly and must be similarly limited.

U.S.Vet.App.R. 28(h).

Before this Court, the Secretary did not waver from his initial position that the BVA's decision should be affirmed. In his brief, the Secretary omitted any mention of *Thurber*, despite the fact that *Thurber* clearly established due process requirements that the Board did not meet in its treatment of the appellant's appeal. In the nine months that passed between the time this Court decided *Thurber* and the time the *Penny* case was decided, the Secretary neither changed his litigation position nor advised the Clerk of the Court of the pertinent authority of *Thur-*

*ber*, as required by Rule 28(h). During the same nine-month period, the Secretary failed to notify the Court of five factually analogous cases decided during that time which applied the *Thurber* doctrine; i.e., that an appellant must be afforded adequate notice and opportunity to be heard before the Board can rely upon medical treatises. *See Graves v. Brown*, 6 Vet.App. 166, 172 (1994) ("This Court has held that if the Board relies upon evidence developed after the most recent Statement of the Case . . . it must provide a claimant with reasonable notice of the evidence, the reliance to be placed upon that evidence, and a reasonable opportunity to respond to the evidence." (citing *Thurber*, 5 Vet.App. at 126)); *Yabut v. Brown*, 6 Vet. App. 79, 84 (1993) ("[T]he Court held that where the BVA relies . . . upon any evidence, such as a medical treatise, . . . the BVA must provide the veteran with reasonable notice of the evidence and of the reliance proposed to be placed on it, as well as a reasonable opportunity for the veteran to respond to that evidence." (citing *Thurber*, 5 Vet.App. at 126)); *Hatlestad v. Brown*, 5 Vet.App. 524, 530–31 (1993); *Santiago v. Brown*, 5 Vet. App. 288, 293 (1993); *Houston v. Brown*, 5 Vet.App. 245, 247 (1993).

Adding to the unreasonableness of the Secretary's position in this appeal is the fact that during that nine-month period the Secretary also failed to take any corrective action in regard to the appellant's case. In other cases, it is a matter of record that the Secretary has worked with the appellant and entered into a joint motion to remand the appeal for further action by VA as a result of *Thurber*. *See, e.g., Olney*, 7 Vet.App. at 161 ("On July 23, 1993, the parties filed a joint motion for remand to require the BVA to comply with *Thurber*."). The Secretary did not take such corrective action in this case despite the same need for a change in his litigation position. Rather, this appellant had to wait nine months for judicial intervention to receive the due process to which he was entitled. Given the totality of the circumstances, this Court finds that the Secretary's unwavering position before this Court that the BVA decision should be affirmed lacked substantial justification. Therefore

the appellant's application for attorney fees will be granted. *See Commissioner, INS v. Jean,* 496 U.S. 154, 160, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990) ("The single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' thus operates as a one-time threshold for fee eligibility.").

### C. Fee Award

The appellant has provided an accounting wherein he requested compensation for 26.75 hours at a rate of $75.00 per hour. The Secretary did not contest the number of hours or the hourly rate claimed. We find that the appellant's accounting is adequate for this Court to determine that his fee request is reasonable. We therefore grant his fee request for a total of $2,006.25.

The appellant has also requested $8.15 reimbursement for sending a fax to the Clerk of the Court. The Secretary did not address this expense request in his response. However, the United States Court of Appeals for the Federal Circuit has provided guidance for analyzing a claim for an expense under EAJA. In *Oliveira v. United States,* 827 F.2d 735 (Fed.Cir.1987), the Court stated:

> [T]he trial court, in its discretion, may award only those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.... In contrast, expenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court, or which expenses the court finds to be unreasonable or unnecessary in the pending litigation, cannot be awarded under the EAJA.

*Id.* at 744; *see also Elcyzyn, supra.*

The Court finds that costs such as the expense of faxing a document to the Clerk of the Court are customarily charged to the client, and that the requested amount of $8.15 is reasonable. We therefore grant the appellant's expense request for a total of $8.15.

### III. CONCLUSION AND ORDER

The appellant's application for payment of attorney's fees pursuant to EAJA is granted in an amount of $2,006.25 for attorney fees and $8.15 for the fax expense, for a total award of $2,014.40.