Edward W. CURTIS, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 90–1446.

United States Court of Veterans Appeals.

Aug. 1, 1995.

William G. Smith, Los Angeles, CA, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel; Norman G. Cooper, Asst. Gen. Counsel; Adrienne Koerber, Deputy Asst. Gen. Counsel; and Jacqueline M. Sims, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

IVERS, Judge:

This matter is before the Court on the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court will grant the appellant's application and order the award of attorney fees and expenses consistent with this opinion.

## I. FACTS

This Court, in a memorandum decision dated August 16, 1993, (1) vacated the decision of the BVA as to the denial of service connection for a right elbow disability because the appellant had not submitted new and material evidence for reopening the claim; (2) dismissed for lack of jurisdiction the claim for an increased disability rating for service-connected anxiety reaction because the NOD was filed before November 18, 1988; and (3) remanded the claim for a right shoulder disability because the BVA had ignored the treating physician's medical conclusions.

On June 17, 1994, the appellant filed an application for an award of reasonable attorney fees; on December 22, 1994, the Secretary filed a response; and on January 23, 1995, the appellant filed a reply to the Secretary's response. In his application, the appellant asserts that he is a "prevailing party," that he meets the "net worth" requirements and is thus an eligible party, and that the position of the United States was not "substantially justified." Appellant's Application (Appl.) at 2–3. The appellant provided an accounting in which he requested an award of $9,179.10, computed as 77.5 hours at an hourly rate of $118.44.

The Secretary asserts that he does not contest the appellant's representations concerning his net worth, that a "final judgment" has been rendered, that the appellant is a "prevailing party," and that no "special circumstances" exist which would make an attorney fee award unjust. Secretary's Brief (Br.) at 3. However, the Secretary argues that his position at the administrative level and on appeal was substantially justified, and thus an award of attorney fees is unwarranted. Secretary's Br. at 24. In the alternative, the Secretary argues that, should the Court find that the position of the United States was not substantially justified, the fees requested should be reduced because the number of hours requested is unreasonably high, that the hourly rate should be reduced, and that the total fee should be reduced because the appellant achieved only limited success in the litigation. Secretary's Br. at 16–17, 20, 23. In the appellant's reply to the Secretary's response, the appellant conceded that the hourly rate should be reduced to $109.13. Appellant's Reply at 3.

## II. ANALYSIS

The EAJA was made applicable to this Court by § 506(a) of the Federal Courts Administration Act, Publ.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note). Section 506(a) amended 28 U.S.C. § 2412(d)(2)(F) to make the EAJA applicable to this Court. Prior to awarding EAJA fees and expenses, three predicate issues must be addressed: (1) the party opposing the United States must be a "prevailing party"; (2) the government's position must not have been substantially justified; and (3) there must be no special circumstances that make an award against the government unjust. In the case at bar, the Secretary does not contest the appellant's

status as a "prevailing party," and we find that the appellant in fact and in law is a "prevailing party" under 28 U.S.C. § 2412(d)(1)(A). *See Stillwell v. Brown,* 6 Vet.App. 291, 300–01 (1994), *appeal dismissed for lack of jurisdiction,* 46 F.3d 1111 (1995). The Secretary also does not assert "special circumstances" as defined by 28 U.S.C. § 2412(d)(1)(A) which would make an attorney fees award unjust. Thus, the only predicate issue in dispute is whether the Secretary's position was substantially justified.

## A. Substantial Justification

This Court has established the following standard for determining whether the government's position was substantially justified:

> [T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell,* 6 Vet.App. at 302; *see Felton v. Brown,* 7 Vet.App. 276, 280 (1994) (in determining whether VA's position was substantially justified, the Court looks to VA's position both at the administrative level and before the Court). This Court also adopted the Federal Circuit's "reasonableness" test, which the Court in *Stillwell* summarized as follows:

> (1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985)] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving

the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Stillwell,* 6 Vet.App. at 302; *Elcyzyn v. Brown,* 7 Vet.App. 170, 175 (1994).

■ The Secretary argues that his position on the merits was reasonable both in fact and in law as established at the time of the adjudication because (1) at the time of the BVA decision issued on October 9, 1990, this Court had not issued any of the case law relied on in the August 16, 1993, decision; (2) prior to the October 1990 BVA decision, the Court did not have case law regarding the opinions of treating physicians; and (3) that the "Board properly concluded that the evidence, when viewed objectively, did not reasonably establish that the Appellant had a right shoulder disability that was related to service." Secretary's Br. at 12, 13, 16. The burden rests with the government to demonstrate substantial justification to preclude an award of attorney fees. *Felton,* 7 Vet.App. at 279; *Stillwell,* 6 Vet.App. at 302.

The appellant argues that the Secretary's position was not substantially justified because the motion for summary affirmance filed on January 22, 1992, was improvident. Appl. at 2. In his reply to the Secretary's response, the appellant argues that the Court's opinion in *Penny v. Brown,* 7 Vet. App. 348 (1995), is dispositive of the issue of substantial justification in this case. Appellant's Reply at 1–2. The appellant argues that, contrary to *Penny,* at no time did the Secretary inform the Court of *Gleicher v. Derwinski,* 2 Vet.App. 26 (1991) (BVA erred when it ignored the conclusions of the appellant's treating physician), a case decided more than one month before the Secretary filed his motion for summary affirmance. *Id.* at 2. The appellant further argues that *Gleicher* did not establish new law since this Court had already stated in *Gilbert v. Derwinski,* 1 Vet.App. 49, 53–54 (1990), that the Board cannot ignore evidence when there is no contrary evidence in the file to sustain the government's position. *Id.*

■ The Court finds that the Secretary's position was not substantially justified when he filed a motion to summarily affirm a BVA decision which failed to consider the statements of the appellant's treating physician in a case where no other evidence of record contradicted the treating physician's statement. The Secretary's motion for a summary affirmance was not in accordance with this Court's case law. *Penny, supra.* The Secretary has a duty to inform the Court of the facts and the law applicable in each appeal before it. *Penny,* 7 Vet.App. at 351; *see also* MODEL RULES OF PROFESSIONAL CONDUCT FOR FEDERAL LAWYERS Rule 3.3 (1990); ABA MODEL RULES OF PROFESSIONAL CONDUCT Rule 3.3 (1994). In addition to *Gleicher,* the Court had other case law which did not support the Secretary's position for a summary affirmance in this case: (1) In *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990), the Court stated that the Board must provide reasons or bases for its medical conclusions; (2) in *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991), the Court stated that, if the Board needed additional development in order to adjudicate the claim, it was free to do so, but the Board could not substitute its own medical judgment; and (3) in *Willis v. Derwinski,* 1 Vet.App. 66, 70 (1991), the Court stated that VA was not free to ignore the conclusions of the examining physician. Therefore, this case was not a case of first impression for the BVA. The "single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' thus operates as a one-time threshold for fee eligibility." *Elcyzyn,* 7 Vet.App. at 175 (citing to *Commissioner, INS v. Jean,* 496 U.S. 154, 160, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990)). Therefore, the Secretary's position cannot be substantially justified because he filed his motion in January 1992 for summary affirmance of a Board decision which failed to consider the statements of the appellant's treating physician, where there was no other evidence which contradicted the treating physician's statement. The Secretary's failure to acknowledge the Court's case law and to move for summary affirmance of the Board's decision is sufficient evidence of a lack of substantial justification. *Penny, su-pra.* In addition, the Secretary essentially reiterated, in his response to the EAJA application, the argument made in the motion for summary affirmance that the Board properly concluded that the evidence, when viewed objectively, did not reasonably establish that the appellant had a service-related right shoulder disability. Secretary's Br. at 16. The Secretary's position, which has been unwavering before this Court, lacks substantial justification. *Penny, supra; see Jean,* 496 U.S. at 160, 110 S.Ct. at 2319–20. Therefore, the appellant's application for attorney fees will be granted. *See Jean, supra.*

## B. Amount of Award

■ Once the appellant has met the predicate requirements for an award of EAJA fees, the Court must address the question of what constitutes a "reasonable" fee. *See Jean,* 496 U.S. at 160–61, 110 S.Ct. at 2319–20; *Uttieri v. Brown,* 7 Vet.App. 415, 419 (1995). The Supreme Court has stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *see Jean,* 496 U.S. at 161, 110 S.Ct. at 2320 ("once a private litigant has met the conditions for eligibility for EAJA fees, the . . . court's task of determining what fee is reasonable is essentially the same as that described in *Hensley* "); *see Uttieri,* 7 Vet. App. at 419; *Elcyzyn,* 7 Vet.App. at 176 (*Hensley* test used in EAJA case at this Court).

### 1. Hours Reasonably Expended and Hourly Rate

■ In determining the number of hours reasonably expended, the relative success of the party asserting the claim for EAJA fees is one factor which must be assessed. The Supreme Court has stated:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the . . . court to adjust the fee upward or downward, including the important factor of the "results obtained". This

factor is particularly crucial where a plaintiff is deemed prevailing even though he succeeded in only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40; *see Elcyzyn,* 7 Vet.App. at 177; *see Uttieri,* 7 Vet.App. at 419.

■ The Secretary contends that the numbers of hours requested by the appellant in his accounting should be reduced from the 77.5 hours requested because (1) he accounts for ministerial acts in one-half hour increments; (2) he claims a large number of hours for preparing the appellant's brief; and (3) he claims too many hours in light of his limited litigation success. Secretary's Br. at 17. Of the three issues on appeal, the Court decided in favor of the appellant based on one. The Court will, therefore, award fees based primarily upon the number of hours expended on the issue of the right shoulder disability. *See Hensley,* 461 U.S. at 434–35, 103 S.Ct. at 1939–40 (in determining amount of fee award, "the . . . court should focus on the significance of the overall relief obtained by the claimant in relation to the hours reasonably expended on the litigation); *Elcyzyn,* 7 Vet.App. at 177; *Uttieri,* 7 Vet.App. at 419. With regard to the hourly rate, the appellant's counsel, in his reply to the Secretary's response, conceded that the Secretary's calculations of the hourly rate, pursuant to *Elcyzyn, supra,* was acceptable. Subsequent to the submission of his hourly total, the appellant submitted an additional three hours of fees for the preparation of the reply to the Secretary's response to the application for EAJA fees for a total of 80.5 hours, at an hourly rate of $109.13 or $8,784.97.

## 2. Fees for Fees

■ This Court has stated that "[i]t is unquestioned that EAJA fees are available for litigation over the EAJA application itself and that an award of fees and expenses for that purpose would generally follow from success in the basic EAJA application . . . ." *Cook v. Brown,* 6 Vet.App. 226 (1994) (*citing to Jean,* 496 U.S. at 162, 110 S.Ct. at 2321). In *Jean,* the Supreme Court stated that a fee-shifting statute like EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items" (citing to *Sullivan v. Hudson,* 490 U.S. 877, 888, 109 S.Ct. 2248, 2256, 104 L.Ed.2d 941 (1989) ("where administrative proceedings are 'necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded.' ")). Also, "Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Jean,* 496 U.S. at 166, 110 S.Ct. at 2323. Therefore, the appellant is entitled to reasonable attorney fees for successfully defending a fee application on appeal. *Cook, supra; Jean, supra; Sullivan, supra.*

## 3. Refund to the Appellant of Lesser Amount of Fees

■ In his application, the appellant's counsel states that he has received a total of $2,000.00 from the appellant to represent him before this Court. Counsel also declared that, in the event of an EAJA award "equal to or in excess of that amount," he intended to refund to the appellant the fee received. Appl. at 5. Section 506(c) of the Federal Courts Administration Act is conclusive:

Section 5904(d) of title 38, United States Code, shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 5904(d) of title 38, United States Code, shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 5904 of title 38, United States Code, and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

Federal Courts Administration Act, Publ.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). Therefore, EAJA fees awarded where the attorney was paid by fee agree-

ment, as here, go first to reimburse the appellant the amount paid to the attorney pursuant to that fee agreement. *Cf. Russell v. Sullivan,* 930 F.2d 1443, 1446 (9th Cir. 1991).

### III. CONCLUSION

For the reasons stated above, the appellant's application for an award of reasonable attorney fees under 28 U.S.C. § 2412 is GRANTED. A conference pursuant to Rule 33 of this Court's Rules of Practice and Procedure is available to assist the parties in resolving any differences in determining the total hours reasonably expended.

It is so ORDERED.