**Willie P. CAMPHOR, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–631.

United States Court of Veterans Appeals.

Jan. 16, 1996.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On November 20, 1995, counsel for the Secretary filed a motion for panel reconsideration and full court review of the panel decision awarding attorney fees. On consideration of the foregoing, the pleadings of the parties, and the record on appeal, it is by the panel

ORDERED that the Secretary's motion for reconsideration is denied. It appearing that full court review is not necessary either to address a question of exceptional importance to the administration of laws affecting veterans benefits or to secure or maintain uniformity of the Court's decisions, it is by the full Court

ORDERED that the Secretary's motion for full court review is denied.

NEBEKER, Chief Judge, concurring:

I concur in the denial of en banc review. I add that the Secretary is wrong when he argues that "the panel asserted that the Court had not been made aware of the precedent *Gregory v. Brown,* 5 Vet.App. 108 (1993) which was issued while the instant case was pending before the Court...." The Court, of course, was clearly aware of its own *Gregory* decision and what the panel opinion criticizes the Secretary for is his failure "to promptly advise the Clerk [of the Court] of the change in law brought about by that case *and its relation to the underlying appeal here,* as it was clearly a pertinent and significant authorit[y]." (Emphasis added.) What the Secretary appears to misunderstand is that his duty in light of the *Gregory* decision was to change his litigation position in response to that precedent, as, indeed, he had done in *Stillwell v. Brown,* 46 F.3d 1111, 1113 (Fed. Cir.1995).

STEINBERG, Judge, dissenting:

I vote to grant the Secretary's motion for en banc review of the panel opinion because, after having reviewed the motion, I believe the Court's holding establishes an erroneous precedent of importance. In my view, the Court's opinion, granting an application under the Equal Access to Justice Act (EAJA), imposes unreasonable requirements for a substantially justified litigation position. In effect, the Court's opinion requires the Secretary to apply a Court holding in another case to a complicated fact situation and reverse a prior litigation position by conceding a remand under circumstances where the Secretary had already filed his pleading in response to the appellant's motion and where the Court itself had found the underlying issue either one of first impression or one that was reasonably debatable so as to require panel consideration of the underlying case. *See Camphor v. Brown,* 5 Vet.App. 514 (1993); *see also Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990) (panel decision required if case establishes new rule of law; alters, modifies, criticizes, or clarifies existing rule of law; applies established rule of law to novel fact situation; constitutes only recent, binding precedent on particular point of law; involves a legal issue of continuing public interest; or if outcome is reasonably debatable).

Second, I believe the concurring statement unfairly mischaracterizes the Secretary's position as misunderstanding what the Court was concerned about in the panel opinion on the EAJA application. I find no such misunderstanding in the Secretary's motion. Indeed, the motion expressly states that the Court in the underlying EAJA opinion was requiring the Secretary to seek a remand based on the intervening opinion in *Gregory v. Brown,* 5 Vet.App. 108 (1993), or later be considered, for EAJA purposes, not to have acted in a way that was substantially justified during the litigation phase. Motion at 5–7.

I am concerned that the Court's action in granting the EAJA application under these circumstances may have a chilling effect on the Secretary's presenting reasonable arguments in support of sustaining a Board of Veterans' Appeals (BVA) decision. I agree that the Secretary should have called the *Gregory* opinion to the Court's attention pursuant to Rule 28(h) of the Rules of Practice and Procedure. But his failure to do so surely cannot be the basis for a finding that, under "the totality of circumstances", *Stillwell v. Brown,* 6 Vet.App. 291, 302 (1994), the Secretary's litigation position was unreasonable. Rather, such a lack of substantial justification can be found only if the Secretary was unreasonable in not changing his litigation position to one of seeking remand under *Gregory,* and I believe the Secretary has demonstrated the reasonableness of his not doing so. In his November 20, 1995, motion, the Secretary states:

The panel also misapplied the holding in *Penny v. Brown,* 7 Vet.App. 348 (1995). In *Penny,* the operative facts were the reverse of the present case. There, the Court issued its landmark precedent (*Thurber v. Brown,* 5 Vet.App. 119 (1993)) first, then the Secretary staked out a litigation position in his brief that was inconsistent with the precedent. *See also El-cyzyn v. Brown,* 7 Vet.App. 170, 176 (1994) (Secretary's brief did not note precedential decisions of *Gilbert v. Derwinski,* 1 Vet. App. 49 (1990)[,] and *Colvin v. Derwinski,*

1 Vet.App. 171 (1991), which were issued before BVA's decision and filing of Secretary's brief). However, in the instant case the Secretary staked out his litigation position first; the law changed *after* the case had been submitted to the Court by the Secretary.

Moreover, the defect in the BVA decision—a *Thurber* violation—was obvious by its nature in *Penny.* Not so in the instant case. Instead, the issue before the BVA was whether new and material evidence had been submitted to reopen the appellant's claim. Her claim had been denied before, because it appeared from the record that she had separated from the veteran and had several children from another relationship. The Court sifted through the evidence, and held that most of it was cumulative. It held that two documents— an award letter of widow's benefits to the appellant from the Social Security Administration (R. 132) and a statement from the appellant which the Court theorized might show she misunderstood the VA's requests for evidence of paternity (R. 136)—were new and raised a reasonable possibility of establishing her status as the surviving spouse of the veteran in light of *Gregory, supra. Camphor v. Brown,* 5 Vet.App. 514, 518–19 (1993). *But see* (R. 46) (evidence of Willie P. Camphor's receipt of benefits from Social Security Administration as widow of veteran already of record at time of prior, final BVA decision). Thus, the case required a complete reanalysis and creative interpretation of the evidence to find a basis for remand.

Motion at 5–6. The Court's October 23, 1995, opinion on the EAJA application does not address the foregoing new-and-material-evidence and complexity-of-the-case issues as raised by the Secretary in his motion.

An opinion of the U.S. Court of Appeals for the Fourth Circuit pointed out that, even with respect to a case where the government is litigating a matter other than one of first impression:

> Whether the government's "position in the litigation" is substantially justified, in contrast, focuses, not on the government's success or failure, but on the reasonableness of its position in bringing about or continuing the litigation. While the EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.

*Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993); *see also Stillwell v. Brown,* 6 Vet. App. at 303 (quoting *Roanoke River Basin* to this effect).