SCHOELEN, Judge,
dissenting in part:
I concur in the majority’s opinion dismissing the appellant’s appeal as to the Board decision denying disability ratings in excess of 20% for the appellant’s service-connected bilateral knee disabilities. Unlike the majority, I would conclude that the Board failed to provide an adequate statement of reasons or bases for its decision denying referral under 38 C.F.R. § 4.16(b) for consideration of TDIU on an extraschedular basis. The Board did not sufficiently address the appellant’s limited educational and occupational history when it determined that his service-connected disabilities do not preclude substantially gainful employment. Therefore, I must dissent from the majority’s decision affirming the Board’s denial of TDIU.
The record demonstrates that the appellant has a high school education and an occupational history that is limited to manual-labor-intensive positions — grocery store worker and custodial laborer for the U.S. Postal Service. R. at 1099, 1390-91, 1845, 2014. The Board acknowledged the appellant’s high school education and limited work experience, but stated that the medical professionals who specifically reviewed whether the appellant’s service-connected disabilities alone preclude employment “unanimously concluded” that he is not precluded from performing the physical and mental acts required by employment. R. at 26. In essence, because the medical professionals concluded that the appellant’s service-connected knee disabilities do not preclude sedentary employment, the Board found that the appellant is capable of substantially gainful employment.
However, the fact that the appellant may be physically able to perform sedentary employment does not mean that he is educationally and vocationally qualified to perform such employment. See Smith v. Shinseki, 647 F.3d 1380, 1386 (Fed.Cir.2011) (a claimant’s education and work experience are relevant to the issue of TDIU). The appellant argued to the Board that his education and employment history do not qualify him for sedentary employment. Rather than address the appellant’s education or the types of employment that he has had and how such manual labor would enable the appellant to secure substantially gainful sedentary employment, the Board summarily stated: “[I]t does not seem that the lack of a college degree would preclude the veteran from all sedentary employment.” R. at 26 (emphasis added).
Unlike my colleagues, I am not satisfied with the Board’s superficial response to the appellant’s argument. There is no evi-dentiary basis in the record to support the Board’s finding that the appellant can secure and maintain substantially gainful sedentary work; and I am not persuaded by the Board’s conclusory statement that the Board properly took into account the appellant’s education, training, and work history.[8] See Beaty, 6 Vet.App. at 537 *295 (“[T]he B[oard] may not reject [a TDIU rating] without producing evidence, as distinguished from mere conjecture, that the veteran can perform work that would produce significant income to be other than marginal”). In fact, although the Board seemed to provide a response — albeit inadequate — to the appellant’s argument that he lacked the requisite education for sedentary employment, the Board did not address whether the appellant’s employment history is compatible with sedentary employment.
The majority rejects the appellant’s argument stating that “he appears to suggest that a college degree is a prerequisite to all sedentary employment and that the Board was required, given his high school education, to consider or suggest what types of sedentary employment he is capable of obtaining.” Ante at 287. The appellant refutes this contention in his reply brief, and I agree that this is not what he seeks nor what the law requires. Reply Br. at 5-6. The problem lies in the Board’s statement that “it does not seem that the lack of a college degree would preclude ... all sedentary employment,” which is devoid of any factual or legal analysis and fails to consider the appellant’s employment history that is limited to manual labor.
Although the medical professionals may have concluded that the appellant’s bilateral knee disabilities do not preclude sedentary work, it is the Board’s responsibility, as factfinder, to do more than “merely allude to [the appellant’s] educational and occupational history.” Gleicher, 2 Vet.App. at 28. The Board must “relate these factors to the disabilities of the appellant.” Id.; see also Cathell, 8 Vet.App. at 544 (remanding TDIU issue where the Board failed to discuss the appellant’s educational and occupational history). The Court in Gleicher held that the Board provided an inadequate statement of reasons or bases when it “did little more than point to the appellant’s relatively advanced education and occupational experience and opine that his disabilities did not ‘preclude all forms of substantially gainful employment.’” 2 Vet.App. at 28. As the Court stated in Gleicher, when the Board fails to relate an appellant’s educational and occupational history to his disabilities, the Board “comes very close to placing upon the appellant the burden of showing he can’t get work.” Id.
The statement provided by the Board in the present case is almost indistinguishable from the statement provided in Gleicher. Such reasoning was inadequate in Gleicher, decided more than two decades ago, and it is inadequate today. Consequently, I would remand the issue of TDIU to the Board to provide an adequate statement of reasons or bases for its decision. See Tucker v. West, 11 Vet.App. 369, 374 (1998) (holding that remand is the appropriate remedy “where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate”). Therefore, I must respectfully dissent.

. The Secretary contends that the Board is not required in every case to discuss a claimant’s educational and occupational history. Secretary’s Brief (Br.) at 10-14. As to this point, the majority and I are in agreement— the Board must consider a claimant's educational and occupational history. See ante at 285-86. Any suggestion by the Secretary that a claimant's educational and occupational history is not relevant to a TDIU determination is incorrect. Indeed, the Secretary’s regulation concerning referral of TDIU for ex-traschedular consideration specifically requires ”[t]he rating board [to] include a full statement as to the veteran’s service-connected disabilities, employment history, educational and vocational attainment [,] and all other factors having a bearing on the issue.” 38 *295 C.F.R. § 4.16(b) (2014) (emphasis added). Moreover, his argument ignores decades of precedent to the contrary. See Smith, 647 F.3d at 1386; Cathell v. Brown, 8 Vet.App, 539, 544 (1996); Beaty v. Brown, 6 Vet.App. 532, 537 (1994); Gleicher v. Derwinski, 2 Vet.App. 26, 28 (1991); Hatlestad v. Derwinski, 1 Vet.App. 164, 168 (1991).