Geraldine L. **STILLWELL,**
Claimant–Appellant,

v.

**Jesse BROWN, Secretary of Veterans
Affairs, Respondent–Appellee.**

No. 94–7090.

United States Court of Appeals,
Federal Circuit.

Feb. 3, 1995.

Gracelia R. Helring, Gracelia R. Helring, P.C., Arlington, VA, argued, for claimant-appellant.

Andrea I. Kelly, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for respondent-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Bryant G. Snee, Asst. Director. Also on the brief was Paul Hutter, Office of Gen. Counsel, U.S. Dept. of Veterans Affairs, Washington, DC, of counsel.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Geraldine L. Stillwell seeks review of the March 11, 1994 decision of the United States Court of Veterans Appeals, *Stillwell v. Brown,* 6 Vet.App. 291, which denied her application for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1988 & Supp. IV 1992). Because her appeal challenges the Court of Veterans Appeals' application of the standard set forth in the EAJA for determining whether the government is liable for fees and expenses to the facts of her case, and because Congress has not empowered us to review such a challenge, we dismiss for lack of jurisdiction.

## BACKGROUND

The case underlying Ms. Stillwell's EAJA application involves her claim for Department of Veterans Affairs (VA) death pension benefits as the surviving spouse of veteran Franklin A. Stillwell. The two entered into marriage in 1966. They separated two years later. Although they never again lived together, they did not divorce. Mr. Stillwell died in April, 1988.

Ms. Stillwell's entitlement to VA benefits is contingent upon her being considered a "surviving spouse" within the meaning of 38 U.S.C. § 101(3) (1988), which requires her to have "lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a

separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse)...." The VA denied Ms. Stillwell's claim. It determined that she was at fault for the *continued* separation between herself and Mr. Stillwell and that therefore she could not be considered a "surviving spouse" within the meaning of the statute. Based upon the same rationale the Board of Veterans Appeals (BVA) held that Ms. Stillwell was not entitled to death benefits. *In re Stillwell,* Docket No. 91–35 830 (Bd.Vet.App. Oct. 17, 1991). No finding was made, though, by either the VA or the BVA, as to whether the Stillwells' separation "was due to the misconduct of, or procured by, the veteran," 38 U.S.C. § 101(3).

Ms. Stillwell appealed the BVA's decision to the Court of Veterans Appeals. While that appeal was pending, the Court of Veterans Appeals decided *Gregory v. Brown,* 5 Vet.App. 108 (Ct.Vet.App.1993), which impacted upon the issues raised in the appeal. Specifically, the *Gregory* court held that the spouse's without-fault requirement contained in § 101(3) is not a continuing one; rather, the existence of fault on the part of the spouse is to be determined as of the time of the separation. *Id.* at 112. The court held further that § 101(3) requires the making of "specific findings regarding whether the separation 'was due to the misconduct of, or procured by, the veteran.'" *Id.* (quoting the language of § 101(3)).[1]

Following the *Gregory* decision, the VA and Ms. Stillwell jointly moved the Court of Veterans Appeals to have Ms. Stillwell's case remanded to the BVA for readjudication in light of *Gregory.* Specifically, the parties voiced the need for specific findings as to whether Ms. Stillwell was free of fault at the time of separation and as to whether the separation was due to the misconduct of, or procured by, Mr. Stillwell. The court granted the motion, vacated the BVA decision, and remanded for readjudication.

Thereafter, Ms. Stillwell filed her EAJA application to recover the attorney fees and expenses incurred during the time the appeal on the merits of her claim was pending before the Court of Veterans Appeals. Her application was later amended to include fees and expenses incurred in conjunction with the EAJA application itself. The EAJA provides that

> a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1988).[2] The court denied Ms. Stillwell's EAJA application, doing so upon the ground that the position of the VA was substantially justified. 6 Vet. App. at 301–04. Specifically, the court found that the VA's position regarding the use of Ms. Stillwell's post-separation conduct to deny her status as a surviving spouse, which position *Gregory* held was incorrect, was reasonable in law and fact based upon the totality of the circumstances as reflected in the record on appeal and the filings of the parties before the court. *Id.* at 304. Particularly important to the court was its conclusion that the VA's misinterpretation of § 101(3) was "no more than a reasonable mistake." *Id.* at 303. The court also seems to have been persuaded by the good faith of the VA, the court noting that the VA initiated negotiations with Ms. Stillwell to remand the matter immediately following the issuance of *Gregory. Id.* at 304.

## DISCUSSION

Ms. Stillwell seeks review in this court under 38 U.S.C. §§ 7252 (1988) and 7292

---

1. In this regard, the court held that 38 C.F.R. § 3.53(a) (1992), which did not contain a requirement for such a finding and upon which the VA relied in adjudicating Ms. Stillwell's claim, was unlawful as exceeding the authority of the Secretary of Veterans Affairs. 5 Vet.App. at 112. The requirement was thereafter incorporated into § 3.53(a). 59 Fed.Reg. 32658, 32659 (June 24, 1994).

2. The Court of Veterans Appeals is a "court" within the meaning of the EAJA, despite the fact that it is an Article I court. 28 U.S.C. § 2412(d)(2)(F) (Supp. IV 1992).

(Supp. III 1991). The government contends that we lack jurisdiction. We agree.

As was explained in *Livingston v. Derwinski,* 959 F.2d 224 (Fed.Cir.1992), the jurisdiction that Congress gave this court over appeals from the Court of Veterans Appeals is limited. *Id.* at 225. The boundaries of this limited jurisdictional grant are set out at 38 U.S.C. § 7292.[3] Under § 7292(a), we are empowered to review a decision of the Court of Veterans Appeals "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court [of Veterans Appeals] in making the decision." At the same time, § 7292(d)(2) provides that, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review ... a challenge to a factual determination, or ... a challenge to a law or regulation as applied to the facts of a particular case."

Ms. Stillwell's appeal rests solely upon the contention that the Court of Veterans Appeals erred in finding that the position of the VA was substantially justified. By so arguing, she confirms that her challenge is not within our jurisdiction. We have stated that, "to determine whether the overall position of the United States is substantially justified, trial courts are instructed to look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact." *Chiu v. United States,* 948 F.2d 711, 715 (Fed.Cir.1991) (footnotes omitted). This "quintessentially discretionary" inquiry, *id.* at 715 n. 4, necessarily involves the determination of facts and the application of the substantially justified standard of the EAJA to those facts. As noted above, such a challenge is specifically excluded from our jurisdictional grant. 38 U.S.C. § 7292(d)(2). Moreover, Ms. Stillwell makes

no "challenge to the validity of a statute or regulation, or the interpretation of a constitutional or statutory provision or a regulation," which would bring her challenge within our jurisdictional grant. *See Livingston,* 959 F.2d at 226. Accordingly, § 7292 does not empower us to hear the issues raised in her appeal.

Finally, the EAJA does not contain any independent grant of an appeal right in the situation where a court having jurisdiction over a particular action denies an EAJA application arising from that action. *See* 28 U.S.C. § 2412; *cf.* 5 U.S.C. § 504(c)(2) (1988) (setting forth the nature of the review that is available in the reviewing court for a party other than the United States dissatisfied with an EAJA application determination made by an *agency* which conducts an adversary adjudication under the Administrative Procedure Act). In short, the only right to appellate jurisdiction from a ruling by a court on an EAJA application arises by virtue of the appellate jurisdictional grant for the case to which the EAJA application relates. As already seen, the jurisdictional grant for our review of decisions of the Court of Veterans Appeals is limited.

### CONCLUSION

For the foregoing reasons, Ms. Stillwell's appeal is dismissed for lack of jurisdiction.

### COSTS

Each party shall bear its own costs.

***DISMISSED.***

---

3.   38 U.S.C. § 7252(c) provides that decisions by the Court of Veterans Appeals "are subject to review as provided in section 7292...."