PAULINE NEWMAN, Circuit Judge.
 

 Alfred E. Pierre appeals from a decision of the Court of Appeals for Veterans Claims denying his application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). As Mr. Pierre has not stated a claim within our jurisdiction, the appeal is dismissed.
 

 BACKGROUND
 

 Mr. Pierre appealed an adverse decision of the Board of Veterans Appeals dated January 18, 1996 to the Court of Appeals for Veterans Claims. Over the ensuing two years the attorney effort, as appropriate to the appeal, included preparing the record and preparing and filing the appeal brief. On March 18, 1998, before any action on the merits of the appeal was taken by the court, counsel for the Secretary of Veterans Affairs moved to remand the case to the Board for further administrative review under a revised regulation that had become effective on October 7, 1996. The revised regulation was favorable to Mr. Pierre’s claim. The court granted the motion for remand.
 

 Mr. Pierre then requested attorney fees and expenses under the EAJA.
 
 [1]
 
 He stated
 
 *1366
 
 that the Secretary’s position during the major period of the litigation before the court was not “substantially justified” because of the Secretary’s seventeen-month delay in notifying the court and the veteran of the October 1996 regulatory change.
 

 The court held that the Secretary acted reasonably, and therefore that the agency’s position was substantially justified. Mr. Pierre, appealing the denial of attorney fees, raises issues of constitutional right and statutory interpretation in order to invoke this court’s appellate jurisdiction. The Secretary responds that we have no jurisdiction to entertain the appeal.
 

 DISCUSSION
 

 Federal Circuit review of decisions of the Court of Appeals for Veterans Claims is limited, by statute, to “the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision,” 38 U.S.C. § 7292(a), and to the interpretation of “constitutional and statutory provisions, to the extent presented and necessary to a decision.” 38 U.S.C. §§ 7292(c), (d)(1). The Federal Circuit is not authorized to review a factual determination, or application of a law or regulation to the facts of a particular case, except to the extent that an appeal presents a constitutional issue.
 
 See
 
 38 U.S.C. § 7292(d)(2).
 

 The Constitutional Argument
 

 Mr. Pierre pleads a violation of constitutional right, asserting that the Court of Appeals for Veterans Claims deprived him of a property interest without due process of law, in contravention of the Fifth Amendment. This argument is based on the premise that attorney fees are an interest in property, and that deprivation thereof is a deprivation of property for which the process is reviewable under § 7292(d)(2).
 

 The threshold inquiry is whether the complainant has been deprived of a constitutionally protected property interest.
 
 See American Mfrs. Mut. Ins. Co. v. Sullivan,
 
 526 U.S. 40, 59, 119 S.Ct. 977, 989, 143 L.Ed.2d 130 (1999);
 
 Mathews v. Eldridge,
 
 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). It is now well understood that the property interests protected by the Fifth Amendment are not limited to real and personal property.
 
 See Board of Regents of State Colleges v. Roth,
 
 408 U.S. 564, 571-72, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (“[Property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money.”);
 
 Goldberg v. Kelly,
 
 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (protected interests include entitlements to health and welfare benefits). However, a protected property interest requires “a legitimate claim of entitlement” which has been established.
 
 Roth,
 
 408 U.S. at 577, 92 S.Ct. 2701;
 
 American Mfrs. Mut. Ins.,
 
 526 U.S. at 60-61, 119 S.Ct. at 990 (an employee must establish entitlement to payments under .the relevant statute before litigating their withholding on constitutional grounds). Whether such entitlement is established, as to a particular claimant, requires application of the statute to that claimant’s situation.
 

 Mr. Pierre’s entitlement to the EAJA fees at issue has not been established, nor can it be unless,
 
 inter alia,
 
 the government’s position is shown to be not substantially justified.
 
 See INS v. Jean,
 
 496 U.S. 154, 163, 110 S.Ct. 2316, 110
 
 *1367
 
 L.Ed.2d 134 (1990) (“[N]o award of [EAJA] fees is ‘automatic.’ Eligibility for fees is established upon meeting the four conditions set out by statute....”) However, the factual issue of the application of EAJA to the particular facts of Mr. Pierre’s situation is not reviewable under our jurisdictional statute, absent a constitutional violation.
 
 See Helfer v. West,
 
 174 F.3d 1332 (Fed.Cir.1999). Mr. Pierre has not asserted that he lacked notice, a full and fair hearing on the factual issues, or other traditional requirements of procedural due process.
 
 See In re Bailey,
 
 182 F.3d 860, 871 (Fed.Cir.1999) (discussing jurisdiction of free-standing constitutional issues). We conclude that no constitutional issue is raised by the circumstances of this case. Whether the Secretary was substantially justified, in the length of delay before advising Mr. Pierre and the court about the regulation, is a question of fact, not statutory interpretation or constitutional right.
 
 See Stillwell v. Brown,
 
 46 F.3d 1111, 1113 (Fed.Cir.1995) (whether the Secretary acted sufficiently promptly, or “dragged his feet” in an unjustified manner, is a question of fact). That money is at stake does not convert a statutory application into a constitutional deprivation, and does not impart § 7292(d)(2) jurisdiction for Federal Circuit review of application of law to fact.
 

 The Statutory Argument
 

 The challenge to interpretation of the EAJA statute is within our appellate jurisdiction, for it seeks a statutory interpretation that would affect fee recovery as a matter of law. Mr. Pierre asserts that the Court of Appeals for Veterans Claims misinterpreted § 2412(d) of the EAJA in failing to recognize that, as a matter of law, the Secretary is under a duty promptly to notify the court of any change in the law that affects the underlying cause. However, the question of entitlement to attorney fees requires determination of whether, on the specific facts, the agency’s action was substantially justified. Whether the Secretary acted in a justifiable way is a question of fact.
 
 See Stillwell,
 
 46 F.3d at 1113;
 
 cf. Essex Electro Engineers, Inc. v. United States,
 
 757 F.2d 247, 252-53 (Fed.Cir.1985) (“A finding ... that the position of the United States was substantially justified is reviewed by us under the clearly erroneous standard of review, subject to the qualification that the issue may at times involve a question of law reviewable as a matter of law.”). The findings thereon by the Court of Appeals for Veterans Claims have not been shown to be based on a misunderstanding or misinterpretation of the EAJA Review of the factual support for the court’s finding that in the circumstances the agency’s position was substantially justified is outside our appellate mandate.
 

 The appeal is
 

 DISMISSED.
 

 No costs.
 

 [1]
 

 . 28 U.S.C. § 2412(d)(1)
 

 (A) Except as otherwise specifically provided by statute, a court shall award to a prevail
 
 *1366
 
 ing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified....
 

 (B) Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based)....
 

 í|: ^ ¡h ij:
 

 (d)(2)(D) “position of the United States” means, in addition to the position taken by the United States ... the action or failure to act by the agency....