**Angeline P. CARPENTER,**
**Claimant–Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Respondent–Appellee.**

No. 99–7128.

United States Court of Appeals, Federal Circuit.

Sept. 29, 2000.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Laureen D. Kapin, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, argued for respondent-appellee. On the brief were David W. Ogden, Assistant Attorney General, David M. Cohen, Director, Kirk T. Manhardt, Assistant Director, and Hillary A. Stern, Attorney.

Before NEWMAN, MICHEL, and GAJARSA, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Angeline P. Carpenter appeals the decision of the Court of Appeals for Veterans Claims ("CAVC") denying her application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").[1] As Ms. Carpenter's challenge falls outside our jurisdictional statute, the appeal is dismissed.

1. *Carpenter v. West,* 12 Vet.App. 316 (1999).

## BACKGROUND

In October 1995, the Board of Veterans' Appeals issued a decision adverse to Ms. Carpenter. While Ms. Carpenter's appeal to the CAVC was pending, the CAVC decided *Green v. Brown,* 10 Vet.App. 111 (1997), which interpreted statutory provisions related to Ms. Carpenter's case. The CAVC requested briefing and heard argument on the relevance of the *Green* decision to Ms. Carpenter's case and, relying on *Green,* vacated the BVA decision and remanded for further proceedings.

On June 22, 1998, Ms. Carpenter filed an application for attorney fees and expenses under EAJA. The Secretary filed an opposition. The CAVC held that EAJA fees and expenses were not warranted as "the Secretary has demonstrated that his position at the litigation stage of this case was reasonable and thus substantially justified," referring to the uncertain state of the law. Ms. Carpenter appeals the denial of EAJA relief, arguing that when the Secretary presses a litigation position after a contrary judicial decision, that position should not be deemed "substantially justified" for purposes of the EAJA, as a matter of law. Thus Ms. Carpenter argues that the CAVC erred in statutory interpretation, and that the Federal Circuit has jurisdiction of this appeal under either 28 U.S.C. § 7292, or directly under 28 U.S.C. § 2412.

## Jurisdiction

Ms. Carpenter argues that review of a denial of EAJA fees is not subject to the limitations of the jurisdictional statute that governs appeals from the CAVC, 38 U.S.C. § 7292, and is instead governed by the 28 U.S.C. § 2412, the EAJA statute. The Secretary responds that we have no jurisdiction, on any basis.

Section 7292 limits Federal Circuit review of decisions of the Court of Appeals for Veterans Claims to issues of "the validity of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was

relied on by the Court in making the decision," 38 U.S.C. § 7292(a), and to the interpretation of "constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c), (d)(1). Review of a factual determination is limited to constitutional issues. 38 U.S.C. § 7292(d)(2).

 Under this framework, it is well established that the Federal Circuit is precluded from reviewing the facts underlying the grant or denial of attorney fees by the CAVC. In *Stillwell v. Brown*, 46 F.3d 1111 (Fed.Cir.1995), this court considered and rejected the argument that our review of attorney fee requests under the EAJA is not subject to the restrictions set forth in § 7292:

> EAJA does not contain any independent grant of an appeal right in the situation where a court having jurisdiction over a particular action denies an EAJA application arising from that application.... In short, the only right to appellate jurisdiction from a ruling by a court on an EAJA application arises by virtue of the appellate jurisdictional grant for the case to which the EAJA application relates.

*Id.* at 1113; *accord Clark v. Busey*, 959 F.2d 808, 810 (9th Cir.1992) (jurisdiction of underlying matter is "condition precedent" to jurisdiction to entertain EAJA application) (citing *Lane v. United States*, 727 F.2d 18, 20–21 (1st Cir.1984) (no jurisdiction to hear EAJA claim without jurisdiction of underlying matter)). We see no basis on which to reconsider this established rule.

 Ms. Carpenter argues that Congress intended that 28 U.S.C. § 2412 would provide an independent basis for jurisdiction of EAJA applications, when it acted to assure that veterans would have access to EAJA fees. Pub.L. No. 102–572, § 506 (1992) (amending EAJA to clarify that it applies to the CAVC). This enactment, however, did not change the § 7292 limitations of the appellate jurisdiction of the Federal Circuit to issues of statutory or regulatory interpretation or constitu-

tional questions. At the same time, under § 7292 the Federal Circuit is not excluded from determining whether the CAVC incorrectly interpreted the EAJA statute or whether a constitutional right was violated in connection with this statute. *See Bowey v. West*, 218 F.3d 1373 (Fed.Cir.2000) (interpreting 28 U.S.C. § 2412(d)); *Pierre v. West*, 211 F.3d 1364 (Fed.Cir.2000) (determining that denial of EAJA fees was not a constitutional taking without due process). Section 7292 authorizes the Federal Circuit to consider such challenges. In all cases, however, the threshold jurisdiction criteria set forth in § 7292 must be met, whatever the error with which the CAVC is charged.

 The CAVC found that the Secretary's litigation position was substantially justified. This decision was based on the CAVC's evaluation of the evidentiary and legal support for the agency's position, including the relevance of the *Green* decision. This decision by the CAVC was not a matter of statutory interpretation, but a finding that the agency was "justified" in its position. This "quintessentially discretionary" ruling necessarily involves questions of fact and application of law to fact. *See Stillwell*, 46 F.3d at 1113. It is thus not within this court's jurisdiction.

 Ms. Carpenter argues that, even if application of law to fact is ordinarily outside our jurisdiction, in this case she was deprived of a constitutionally-protected property right without due process of law because EAJA fees constitute monetary property. The argument that the issue of entitlement to EAJA attorney fees is appealable on this ground was considered and rejected in *Pierre*, 211 F.3d at 1366–67.

The Federal Circuit is without jurisdiction of this matter. The appeal is

*DISMISSED.*

No costs.