[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 99-15211

------------------------------------------

D. C. Docket No. 99-00045-CR-4-WS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV - 7 2000
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

    versus

RENARD MAURICE NEALY,

                              Defendant-Appellant.

--------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

--------------------------------------------------------------------

**(November 7, 2000)**

Before EDMONDSON, WILSON and MAGILL*, Circuit Judges.

_____

* Honorable Frank J. Magill, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

EDMONDSON, Circuit Judge:

Defendant Renard Maurice Nealy appeals his 32-year sentence for two counts of possession with intent to distribute cocaine base. 21 U.S.C. § 841. Because any error in sentencing based on drug quantity was harmless, and because the government was not required to file a substantial assistance motion, we affirm.

I.

The Leon County Sheriff's Department lawfully searched Defendant's residence and found 14.8 grams of cocaine base. Rather than immediately arrest him, the police sought Defendant's assistance in arresting Defendant's supplier, Alex Randal. Randal was arrested later that night when he delivered 3 ounces of cocaine base to Defendant's residence. In the subsequent months, Defendant cooperated in other controlled drug buys and testified in Randal's trial; Randal was convicted. Before Randal's trial, Defendant was told that, if he had committed other crimes, then he would "receive no consideration for [his] cooperation." Five days after testifying at Randal's trial, Defendant was arrested with 3.6 grams of cocaine base.

Before his trial, Defendant requested that the jury instructions include an instruction about drug quantity. Defendant argued that a footnote to a recent Supreme Court decision required the jury to determine sentencing factors beyond a reasonable doubt: Jones v. United States, 119 S. Ct. 1215, 1224 n.6 (1999). The judge did not include drug quantity in the jury instructions. Defendant was then convicted on two counts of possession with intent to distribute cocaine base. 21 U.S.C. § 841.[1]

At the sentencing hearing, Defendant again argued, based on the Jones footnote, that the district judge must submit the issue of drug quantity to the jury. Relying on well established circuit precedent, the district judge rejected this contention and determined by a preponderance of the evidence that Defendant had more than 5 grams of cocaine base.

The pertinent statute, 21 U.S.C. § 841(b), distinguishes sentencing maximums based on drug quantity. A person with an earlier felony drug conviction who is convicted with at least 5 grams of cocaine base may be sentenced from 10 years to life in prison. 21 U.S.C. § 841(b)(1)(B)(iii). Acting

---

[1]The court entered a judgment of acquittal on Count I, which charged Defendant with conspiracy to distribute cocaine base.

within this statutory range, the district judge sentenced Defendant to concurrent terms of 32 years on Count II, 30 years on Count III.

## II.

Defendant asks us to consider his 32-year sentence in the light of the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000) (5-4 decision), which -- in the context of a state firearms case -- says that "any fact [other than prior conviction] that increases sentencing beyond the statutory maximum must be submitted to the jury and found beyond a reasonable doubt." Id. at 2362-63.[2]

### A.

At his trial, Defendant argued that the issue of drug quantity should go to the jury. Therefore, we review Defendant's constitutional issue de novo, but we will reverse or remand only for harmful error. See United States v. Mills, 138 F. 3d 928, 937-39 (11th Cir. 1998).

---

[2]Defendant does not challenge his concurrent 30 year sentence for Count III, which does not rely on drug quantity and does not exceed the statutory maximum. 21 U.S.C. § 841(b)(1)(C).

This circuit applies <u>Apprendi</u> to sentencing under 21 U.S.C. §§ 841(b)(1)(A) & (B), which determine sentencing ranges based on drug quantity. <u>United States v. Rogers</u>, 228 F.3d 1381, slip op at 81 (11th Cir. 2000). Defendant was sentenced to 32-years for Count II for possession of 14.8 grams of cocaine base.[3] With no finding of drug quantity, the statutory maximum is ordinarily 20 years for each count. 21 U.S.C. § 841(b)(1)(C). Where, as here, the defendant has prior drug felony convictions, the maximum sentence absent drug quantity is 30 years per count.

<u>Apprendi</u> requires the judge to submit to the jury an element of sentencing that would increase the sentence beyond the statutory maximum. <u>Apprendi</u>, 120 S. Ct. at 2361 n.13. Because Defendant was sentenced under § 841(b)(1)(A) and because his 32-year sentence exceeds the 30-year statutory maximum for each count, an error has occurred.

But failure to submit the issue of drug quantity to the jury is, in this case, harmless error that does not require reversal. <u>Apprendi</u> did not recognize or create

---

[3]The Sentencing Guidelines are not subject to the <u>Apprendi</u> rule. <u>Apprendi</u>, 120 S. Ct. at 2366 n. 21. The Guidelines allow the sentencing judge to consider relevant conduct to determine overall drug quantity in calculating the base offense level. U.S.S.G. § 1B1.3(a). Thus, while drug quantity for the underlying substantive offense was 14.8 grams of cocaine base, the judge overall found 425.25 grams of cocaine base for sentencing purposes.

a structural error that would require per se reversal.[4]  <u>United States v. Swatzie</u>, 228

F. 3d 1278, slip op at 48 (11th Cir. 2000).  And a  constitutional error is harmless if

"it is clear beyond a reasonable doubt that a rational jury would have found the

defendant guilty absent the error."  <u>Neder v. United States</u>, 119 S. Ct. 1827, 1838

(1999) (applying harmless error analysis to failure to submit issue of materiality to

jury); <u>see also</u> <u>Swatzie</u> 228 F. 3d  slip op at 48 (noting that "error in <u>Neder</u> is in

material respects indistinguishable from error under <u>Apprendi</u>").  Harmless error is

appropriate because it "block[s] setting aside [sentences] for small errors or defects

that have little, if any, likelihood of having changed the result of the trial."  <u>Neder</u>,

119 S. Ct. at 1839 (quoting <u>Chapman v. California</u>, 87 S. Ct. 824, 827 (1967).  We

must affirm Defendant's sentence if the record does not contain evidence that

could rationally lead to a contrary finding with respect to drug quantity.  <u>See</u>

<u>Neder</u>, 119 S. Ct. at 1837.

---

**4**Structural error occurs only in the rare instance involving a "structural defect affecting the framework within the trial proceeds, rather than simply an error in the trial process itself."  <u>Arizona v. Fulminante</u>, 111 S. Ct. 1246, 1265 (1991).  Examples of structural error involve extreme deprivations of constitutional rights, such as denial of counsel, denial of self representation at trial, and denial of a public trial.  <u>See</u> <u>Neder v. United States</u>, 119 S. Ct. 1827, 1833 (1999) (listing examples of structural error).  Failure to submit the issue of drug quantity to the jury is just an element of the trial process and does not rise to the level of structural error requiring per se reversal. <u>See</u> <u>id</u>. (concluding that failure to include element of offense in jury instruction is not structural error because it "does not <u>necessarily</u> render a criminal trial fundamentally unfair or unreliable vehicle for determining guilt or innocence") (emphasis in original); <u>see also</u> <u>United States v. Fern</u>, 155 F.3d 1318, 1327 (11th Cir. 1998).

When the police initially searched Defendant's residence, they found 14.8 grams of cocaine base located in Defendant's backpack, which also contained Defendant's identification card. This amount was uncontested at trial and sentencing. An officer testified at trial that Defendant at the scene admitted that the cocaine base was his. Defendant was convicted for this possession (count II); and, given the undisputed evidence about drug quantity, no reasonable jury could have rationally concluded that Defendant was guilty of the substantive offense -- possession, with intent to distribute of the cocaine base in his backpack -- but that the amount of cocaine possessed was less than 5 grams. See generally United States v. Rogers, 94 F.3d 1519, 1526 (11th Cir. 1996) (noting that instructional omission is harmless "where the jury has necessarily found certain other predicate facts that are so clearly related to the omitted element that no rational jury could find those facts without also finding the element."). Thus, we affirm Defendant's 32-year sentence for Count II under 21 U.S.C. § 841(b)(1)(B)(iii), which carries a maximum life sentence for defendants with a prior felony drug conviction, because failure to submit drug quantity to the jury was harmless beyond a reasonable doubt.

B.

Defendant also argued for the first time in his supplemental brief that Apprendi requires the indictment to include the element of drug quantity. But

because Defendant failed to raise this issue at trial or in his initial brief, he abandoned this issue; and we will not consider it here.[5]

Parties must submit all issues on appeal in their initial briefs. Fed. R. of App. Proc. 28(a)(5); 11th Cir. R. 28-1(h). When new authority arises after a brief is filed, this circuit permits parties to submit supplemental authority on "intervening decisions or new developments" regarding issues already properly raised in the initial briefs. 11th Cir. R. 28-1 I.O.P. 6 (emphasis in original). Also, parties can seek permission of the court to file supplemental briefs on this new authority. 11th Cir. R. 28-1 I.O.P. 5. But parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority. See McGinnis v. Ingram Equipment Co., Inc., 918 F.2d 1491, 1495-96 (11th Cir. 1990) (distinguishing between "new arguments and issues not presented until a late stage of the proceedings" and "new law that could be applied to arguments already developed" and noting that waiver usually bars the former situation).

Here, Defendant initially argued at trial and in his initial brief that the question of drug quantity should be submitted to the jury. When the Supreme

---

[5]We note, however, that the indictment likely only needs to reference the statute. United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998).

Court handed down <u>Apprendi</u>, we ordered the parties to submit supplemental briefing on <u>Apprendi</u>.  But in his supplemental brief, Defendant could not properly raise totally new issues even if those issues were also based on <u>Apprendi</u>.[6]  Thus, Defendant abandoned the indictment issue by not raising the issue in his initial brief.  See <u>United States v. Blasco</u>, 702 F.2d 1315, 1332 n.28 (11th Cir. 1983) (refusing to consider issues raised for first time in Notice of Supplemental Authority); <u>see also</u> <u>United States v. Voigt</u>, 89 F.3d 1050, 1064 n.4 (3rd Cir. 1996) (concluding defendant waived issue when he raised it for the first time at oral argument); <u>United States v. DeMasi</u>, 40 F.3d 1306, 1318 n.12 (1st Cir. 1994) (finding issue raised for first time in reply brief waived); <u>United States v. Jones</u>, 34 F.3d 495, 499 (7th Cir. 1994) ("[A]n argument not made in the opening brief is waived.").

III.

Defendant next argues that the government violated his due process rights in not filing a motion to depart based on substantial assistance.  The government

---

[6]Because the supplemental briefs were ordered concurrently, and because the indictment had not earlier been made an issue, the government did not address the indictment issue.  There was no reason for them to do so.  Even now, after lots of briefing, the indictment issue has been briefed by only one side.  We decline to decide the issue.

conceded that Defendant provided substantial assistance in participating in controlled drug buys and testifying against his supplier, who was ultimately convicted. But the government filed no substantial assistance motion because five days after testifying against his supplier, Defendant was arrested for again possessing with intent to distribute cocaine base.[7] The decision to decline filing a motion to depart does not violate due process.

Under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 112 S. Ct. 1840, 1843 (1992). In Wade, the Supreme Court limited the free exercise of that power only to the extent that the government cannot exercise that power, or fail to exercise that power, for an unconstitutional motive. Id. at 1844 (citing race and religion as examples of unconstitutional motive).

Defendant has not alleged an unconstitutional motive; instead, Defendant argues that the government cannot refuse to file a substantial assistance motion for "reasons other than the nature of [defendant's] substantial assistance." United States v. Anzalone, 148 F.3d 940, 941 (8th Cir. 1998). But this contention is not

---

[7]Two weeks earlier, in a letter to Defendant about his cooperation with law enforcement, the government notified Defendant that "[i]f it is learned that you have committed any further crime or provide any false information since your cooperation began, I will recommend that your case be prosecuted federally and that you receive no consideration for cooperation."

supported by <u>Wade</u> and is contrary to the broad grant of prosecutorial discretion recognized by this court. <u>United States v. Forney</u>, 9 F.3d 1492, 1503 n.4 (11th Cir. 1993) (concluding that judicial review of failure to file substantial assistance motion is limited to unconstitutional motive and acknowledging "[c]ourt's reluctance to enter into the prosecutorial discretion arena of the executive branch"); <u>see also</u> <u>United States v. Orozco</u>, 160 F.3d 1309, 1315-16 (11th Cir. 1998). To the extent that the Eighth Circuit has held otherwise, we expressly disavow that approach and limit our review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive.

AFFIRMED.