**Jerry Mack DORROUGH,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5024.

United States Court of Appeals,
Federal Circuit.

May 8, 2001.

Rehearing Denied June 12, 2001.

Before CLEVENGER, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

Jerry Mack Dorrough filed a petition for redress pro se with the Court of Federal Claims on February 28, 2000. Mr. Dorrough asserted a claim under 18 U.S.C. § 3624(d)(2) alleging that he was given insufficient funds upon his release from prison. Mr. Dorrough also asserted various other claims, including claims stemming from alleged improper imprisonment, improper treatment while incarcerated, and improper denial of social security benefits. The Court of Federal Claims dismissed Mr. Dorrough's section 3624 claim because this statute is inapplicable to criminal offenses committed prior to November 1, 1987. The Court of Federal Claims dismissed Mr. Dorrough's other claims for lack of jurisdiction. We *affirm.*

I

This court reviews legal conclusions of the Court of Federal Claims *de novo. Weddel v. Sec'y of Heath & Human Servs.,* 100 F.3d 929, 931 (Fed.Cir.1996). A trial court's ruling on its own jurisdiction is also a question of law that we review *de novo. Khan v. United States,* 201 F.3d 1375, 1377 (Fed.Cir.2000).

The facts of this case are set forth in the Court of Federal Claims order, *Dorrough v. United States,* No. 00–99C (Fed. Cl. Sept. 15, 2000). Mr. Dorrough was originally convicted in 1963 of robbery. After being sent back to prison for parole violations, Mr. Dorrough was released on January 18, 2000, upon which he requested $500 in release funds pursuant to 18 U.S.C. § 3624(d)(2). However, the Federal Bureau of Prisons provided him with only $100 pursuant to 18 U.S.C. § 4281.

The Sentencing Reform Act of 1984 repealed section 4281 and replaced it with section 3624. However, section 3624 applies only to offenses committed after November 1, 1987, the effective date of the act. *See, e.g., United States v. Silver,* 83 F.3d 289, 291 (9th Cir.1996) (noting that other circuits have stressed that it is the date of the offense that is controlling for purposes of the Sentencing Reform Act). Because Mr. Dorrough's offense was committed in 1963, section 3624 is inapplicable to his case, and his claim for additional release funds was properly dismissed.

II

Mr. Dorrough also states a claim for damages stemming from his alleged unjust conviction. The Court of Federal Claims has jurisdiction to hear claims for unjust convictions pursuant to 28 U.S.C. § 1495. However, the Court of Federal Claims does not have the power to review and overturn convictions. *See Lott v.*

*United States,* 11 Cl.Ct. 852 (1987); 28 U.S.C. § 2513 (1994). As no other court has overturned Mr. Dorrough's conviction, the Court of Federal Claims has no power to entertain this claim. Insofar as Mr. Dorrough additionally states claims for illegal imprisonment and continued restraint on his liberty, the same logic would prevent the Court of Federal Claims from exercising jurisdiction over these claims as well.

Mr. Dorrough additionally attempts to assert that his alleged illegal imprisonment constitutes a takings claim pursuant to the Fifth Amendment. Even assuming that such a claim would be cognizable, the threshold inquiry for a takings claim is whether Mr. Dorrough has been deprived of a constitutionally protected property interest. "[A] protected property interest requires 'a legitimate claim of entitlement' which has been established." *Pierre v. West,* 211 F.3d 1364, 1366 (Fed. Cir.2000). As explained above, Mr. Dorrough has never demonstrated that his imprisonment was illegal, and thus he has not established a legitimate claim of entitlement to any sort of "taking" relating to the imprisonment.

Mr. Dorrough also asserts a claim for the recovery of social security benefits. The Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of challenges to social security benefits in the district courts of the United States. The Court of Federal Claims has no jurisdiction over such claims. *Marcus v. United States,* 909 F.2d 1470, 1471 (Fed.Cir.1990).

Mr. Dorrough additionally asserts a number of constitutional claims against the government. The United States, as a sovereign, may not be sued without its consent. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Thus, in order to maintain a claim against the government, an explicit waiver of sovereign immunity is required. *Id.* The Tucker Act, embodied in 28 U.S.C. § 1491, provides a waiver of sovereign immunity in the Court of Federal Claims for nontort suits against the United States founded upon the Constitution, a statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491 (1994). However, the Tucker Act requires that plaintiff state a claim for money damages.

None of the cited Amendments mandates the payment of money damages. *See, e.g., LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (finding no jurisdiction based upon alleged due process violations under the Fifth and Fourteenth Amendments); *Wright v. United States,* 20 Cl.Ct. 416, 419 (1990) (holding that the Claims Court lacks jurisdiction over claims brought under the Fifth, Eighth, and Fourteenth Amendments). Thus, the Court of Federal Claims has no jurisdiction over these constitutional claims.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.