NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL BOLDEN,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1827

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-4165, Judge Michael P. Allen.

---

Decided: August 10, 2018

---

SAMUEL BOLDEN, Tampa, FL, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* MOORE and STOLL,
*Circuit Judges.*

PER CURIAM.

Mr. Bolden appeals an order of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans Appeals ("the Board") decision denying service connection for his right ankle disability. The Veterans Court found that Mr. Bolden had not submitted new and material evidence sufficient to re-open his claim for service connection. Based on this reasoning, the Veterans Court ultimately concluded that the Board's error in failing to explicitly discuss Mr. Bolden's new evidence of a prior ankle injury during service was harmless error because that evidence, while new, was not material. For the reasons set forth below, this court concludes that it lacks jurisdiction to hear Mr. Bolden's appeal challenging the Veterans Court decision.

I

Mr. Bolden served on active duty in the Army from 1997 to 1999. He suffered a right ankle injury during a football game in October 1998 and wore a cast for four weeks as a result. In an August 1999 medical exam, and again subsequently in his separation exam only one month later, Mr. Bolden indicated that he was not experiencing issues with his lower extremities. Ten years following his departure from service, Mr. Bolden filed claims for service connection for several conditions, including one for a right ankle disability. The Department of Veterans Affairs ("VA") accordingly provided Mr. Bolden with a medical exam.

The examiner determined that it was less likely than not that Mr. Bolden's chronic right ankle condition resulted from his service in the Army. The examiner's rationale was based in part on the fact that his in-service treatment

reports indicated that he was not suffering from a chronic right ankle condition at the time. Based on this report and the other existing evidence in the record, the VA denied Mr. Bolden's claim for service connection. In its decision, the VA acknowledged Mr. Bolden's in-service ankle injury, but found no nexus between that injury and his contemporaneous right ankle condition. Mr. Bolden did not appeal this decision, and it became final.

In 2012, Mr. Bolden sought to reopen this claim by asserting evidence that he had actually injured his right ankle during a training exercise one year prior, in 1997, and then aggravated the injury during the aforementioned football game in 1998. The VA denied his request to reopen the claim, finding that the evidence of his prior ankle injury was not material to whether a nexus existed between his current ankle condition and his in-service ankle injury. On appeal, the Board affirmed this finding, concluding that the evidence of a prior right ankle injury was merely cumulative because it only served to further demonstrate an in-service ankle injury, but again was not material because it did not speak to any nexus with the current ankle condition.

On further appeal, during which Mr. Bolden was represented by counsel, the Veterans Court found that the Board erred by failing to mention the evidence of the earlier injury in 1997. The Veterans Court concluded, however, that this error was harmless because it did not disrupt the Board's rationale for denying service-connection. Specifically, the Board found that there was no evidence of a nexus between the in-service right ankle injury and the post-service chronic ankle condition, largely due to the intervening medical examination that found no chronic ankle condition and an unlikelihood of a connection. The evidence of the prior 1997 ankle injury, the Veterans Court reasoned, was therefore new but not material. Specifically, the evidence of the 1997 injury only served to further establish that there was an in-

service right ankle injury, a fact which had already been established by the evidence of the 1998 incident. Thus, according to the Veterans Court, the evidence did not serve to establish a connection between the in-service ankle injuries and the later ankle condition, given the medical reports that took place in the intervening time.

The Veterans Court entered judgment on January 10, 2018, and Mr. Bolden timely appealed to this court.

## II

Unless there is a constitutional issue raised, this court's jurisdiction is deliberately limited by statute to reviewing decisions by the Veterans Court regarding the interpretation of a law, or the validity of a law. 38 U.S.C. § 7292. This court specifically cannot review findings of fact, including the sufficiency of evidence, or the application of legal standards to those facts. *See, e.g.*, *Stillwell v. Brown*, 46 F.3d 1111, 1113 (Fed. Cir. 1995). In the context of the application of legal standards, the court's review is limited to whether the Veterans Court employed the proper standard, to the extent that doing so involved an interpretation of a statute or regulation. *Id.*

Mr. Bolden appeals the Veterans Court determination that he had not presented new and material evidence sufficient to reopen his claim for service connection for a right ankle disability. Mr. Bolden's informal brief can be construed as arguing that the evidence he presented demonstrates that his right ankle injury during the football game in 1998 was a direct result of his original injury in 1997, and that he should therefore be granted the benefit of the doubt that his right ankle condition is chronic in nature and therefore service-connected. This court cannot review the evidence presented by Mr. Bolden, or whether it presents sufficiently material information to substantiate his claims; those are legal conclusions based on factual analysis of the evidence that

specifically falls outside of this court's jurisdiction. *Stillwell*, 46 F.3d at 1113.

Mr. Bolden does not challenge or raise arguments regarding the Veterans Court's interpretation of the rules governing service connection, or those governing new and material evidence. Rather, Mr. Bolden asks us to review the materiality of the evidence he presented to the lower court, which is a task we are not authorized to undertake.

To the extent that Mr. Bolden challenges the Veterans Court's determination that the Board committed harmless error in failing to directly discuss Mr. Bolden's 1997 right ankle injury, this court's jurisdiction would be limited to reviewing whether the Veterans Court applied the proper standard for prejudicial error as prescribed by statute. *Id.*; *see also* 38 U.S.C. § 7261(b). Mr. Bolden, however, does not appear to be challenging the Veterans Court's interpretation of prejudicial error standards in the statute.

In conclusion, we do not have jurisdiction to review Mr. Bolden's appeal challenging the Veterans Court's judgment on the materiality of the evidence that he presented to reopen his claim for service connection for his chronic right ankle condition. This appeal is therefore dismissed for lack of jurisdiction.

## DISMISSED

### COSTS

The parties shall bear their own costs.